WILLIAM E. BURKE, Respondent, *v.* THE CONTINENTAL INSURANCE COMPANY OF THE CITY OF NEW YORK, Appellant.

FIRE INSURANCE — NO RECOVERY FOR LOSS OF PROPERTY HELD AS BAILEE WHERE THE LATTER IS NOT RESPONSIBLE TO OWNER. After insuring as the absolute owner a stock of glass then on hand, under a policy covering "his own or held by him in trust, or sold but not delivered, for which he may be held liable," the insured sold and delivered the glass, agreeing also that all glass to be manufactured by it within a specified time should become the property of the vendee as soon as manufactured, and should be subject to the latter's orders as to shipment; in the meantime it should be stored in the warehouses of the

insured, which were leased to the vendee for that purpose; the insured assumed the responsibility for any loss or damage except "loss by fire," and "said glass" was to be insured by the vendee, the former, however, agreeing to pay the premiums; thereafter the property was destroyed by fire. In an action upon the policy by an assignee of the insured, *held*, that the vendee was vested with the title and entire insurable interest in the property in case of loss by fire, and that it was its duty to take out the policy in its name, the insured paying the premiums; that the fact that the latter was the custodian or caretaker of the property did not establish that it was held "in trust" within the meaning of the policy, for the reason that those words apply only to those cases of bailment where the bailee is responsible to the owner, while here the insured was expressly relieved from any responsibility in case of fire, and, therefore, the plaintiff could not recover.

*Burke* v. *Continental Ins. Co.*, 100 App. Div. 108, reversed.

(Argued January 29, 1906; decided February 13, 1906.)

Appeal from a judgment of the Appellate Division of the Supreme Court in the fourth judicial department, entered January 12, 1905, affirming a judgment in favor of plaintiff entered upon a decision of the court at a Trial Term without a jury.

The nature of the action and the facts, so far as material, are stated in the opinion.

*J. H. Metcalf* and *Clarence M. Bushnell* for appellant. The agreement between the glass companies was an absolute, unconditional change in the interest, title or possession of the subject of insurance and voided the policy. (*G. L. Ins. Co.* v. *H. Ins. Co.*, 144 N. Y. 195 ; *Walton* v. *A. Ins. Co.*, 116 N. Y. 317 ; *Rosenstein* v. *T. Ins. Co.*, 79 App. Div. 481.)

*Moses Shire* for respondent. The D. O. Cunningham Company had an insurable interest in the property destroyed by fire April 3, 1901. (*Stilwell* v. *Staples*, 19 N. Y. 403 ; *Berry* v. *A. C. Ins. Co.*, 132 N. Y. 49 ; *C. Ins. Co.* v. *U. C. Co.*, 133 U. S. 387 ; *Foley* v. *M. F. Ins. Co.*, 152 N. Y. 131 ; *Water* v. *M. F. & L. Ins. Co.*, 5 El. & Bl. 870.)

Edward T. Bartlett, J. This action was brought to recover on a policy of fire insurance for $2,500 issued by the

defendant to the D. O. Cunningham Glass Company of Pennsylvania, a corporation engaged in the manufacture of glass at Pittsburg. The plaintiff sues as the assignee of the above company. The only defense now insisted upon is that the Cunningham Company fraudulently misrepresented that it owned the glass claimed in its proofs of loss, and, therefore, the defendant was not liable.

The policy was issued on the 4th of May, 1900, for the term of one year for " $2,500 on stock of window glass and packages containing the same, his own, or held by him in trust, or sold but not delivered, for which he may be held liable; all while contained in any or all of the brick and frame buildings, and on premises of the assured occupied for the manufacture of window glass, situate bounded on the north by James street, on the east by S. 27th street, on the south by Mary street, on the west by S. 26th street, Pittsburg, Pennsylvania." A fire occurred on April 3rd, 1901, and the property described in the policy was lost or damaged to the amount of $4,646.62. The proportion of the loss payable under the policy here involved was $129.43, there being other companies on the risk. It is claimed by the defendant that, notwithstanding the small amount involved in this action, the question is of importance.

After the issue of this policy, and on the 19th of December, 1900, the D. O. Cunningham Glass Company, as party of the first part, entered into a written agreement with the Independent Glass Company, as party of the second part, a corporation created under the laws of the state of New Jersey, which was " incorporated for the purpose of conducting and carrying on the business of buying, selling, operating and dealing in window-glass and other business incident thereto." Among other provisions in said agreement are the following : " That the said party of the first part in consideration, etc., has bargained and sold and does hereby bargain and sell unto the party of the second part all window-glass which said party of the first part has heretofore manufactured, and has on hand at the date hereof, or was manufactured or caused to be

manufactured during the year ending December 31st, 1902, at the price," etc.

"All said glass to be delivered and become the property of the party of the second part as soon as manufactured ; the same to be delivered on cars, or shipped on the orders of the party of the second part, or stored in the warehouses or elsewhere on property of the party of the first part for shipment thereafter by the party of the first part upon orders or directions given by the party of the second part, and for this purpose the said party of the first part does hereby lease and let unto the party of the second part, for the purpose of storing its glass as aforesaid at a rental of one dollar, its warehouse or warehouses, or other buildings in which the same may be stored, situate at Pittsburg, Pennsylvania. 　＊　＊　＊ The said party of the first part shall until said glass is subsequently shipped upon the orders of the said party of the second part, be responsible and liable for and charged with the custody and safety of the glass so to be stored in the warehouse or buildings aforesaid, and with any and all loss thereof or damage thereto, except *loss by fire.*　＊　＊　＊ Said glass shall be insured by the party of the second part, the premiums of insurance, however, shall be paid by the party of the first part."

The appellant argues that the agreement between these companies was an absolute and unconditional change in the interest, title and possession of the subject of insurance, and rendered the policy void. Also, that the words in the policy, "his own or held by him in trust, or sold but not delivered, for which he may be held liable," do not permit an absolute sale and delivery as was made to the Independent Glass Company. The situation after the execution of the agreement is briefly this : The Cunningham Company sold absolutely and delivered to the Independent Glass Company all the glass it then had on hand, and, further, all the glass it should make from the date of the agreement until the 31st of December, 1902, was to become the property of the Independent Glass Company as soon as manufactured. This manufactured prod-

uct was to be shipped to the Independent Company from time to time according to its directions, and in the meantime was to be stored in the warehouses of the Cunningham Company, which were leased to the Independent Company at a rental named for this purpose. The Cunningham Company had the title to no glass whatever manufactured or to be manufactured, and all glass was stored in warehouses leased by it to the Independent Company. The sole interest remaining in the Cunningham Company was that they were "responsible and liable for and charged with the custody and safety of the glass so to be stored in the warehouse or buildings aforesaid, and with any and all loss thereof or damage thereto, except *loss by fire.*" Its custody of the property was that which vests in any watchman or caretaker. The glass was to be insured by the Independent Company, but the premiums paid by the Cunningham Company. As caretaker the Cunningham Company was charged with the custody and safety of the glass so stored, and with any and all loss and damage thereto, except by fire. If any of the glass had been stolen by a person breaking into the building and carrying it away, or if a trespasser upon the premises had broken or destroyed any portion of the glass, the Cunningham Company would have been liable, and to the extent of that interest in the property it could have insured against the loss in any company taking such a risk. To say that the Cunningham Company under these circumstances could insure against loss and damage by fire is to ignore the plain provisions of this agreement, as it could suffer no loss by the destruction of the glass by fire.

The policy undoubtedly contemplates certain changes in title of the property which was originally insured by the Cunningham Company as absolute owner. It is first provided that if it is held "in trust" the insurance remains good. The words "in trust" have been given a very broad and liberal construction by this court, and it was held that they "are not to be taken in any strict technical sense, which would limit their operation to cases where the title to goods had been

vested in a trustee subject to some specific trust to be executed by him. * * * The words 'in trust' may, with entire propriety, be applied to any case of bailment where the goods belonging to one person are entrusted to the care of another, for which the bailee is responsible to the owner." (*Stillwell v. Staples,* 19 N. Y. 401, 403.) The controlling words in the above quotation are "for which the bailee is responsible to the owner." In the case before us if there had been a loss by theft or through the careless or malicious act of a trespasser, the Cunningham Company was responsible to the owner under such conditions as caretaker. It cannot, however, be said, under a reasonable construction of the agreement, that the Cunningham Company held this in trust for the Independent Company so as to enable it to recover in case of loss by fire. It had no title to the property; it had leased its warehouses for the storage of the same, and rested only under a very limited liability. The next provision of the policy covers property "sold but not delivered" for which the insured is liable. This property had been both sold and delivered. We are of opinion that the Independent Company was vested with the title and entire insurable interest in this property in case of loss by fire; that it was its duty under the express provisions of the agreement to take out the policy of insurance in its name, the Cunningham Company paying the premiums.

The judgments of the Trial Term and Appellate Division should be reversed, new trial ordered, costs to abide the event.

CULLEN, Ch. J., GRAY, O'BRIEN, WERNER and CHASE, JJ., concur; HISCOCK, J., not sitting.

Judgments reversed, etc.