I do not think the late case of Hoag v. S. D. M. Co., 192 N. Y. 412, 85 N. E. 662, suggests any different rule. That case is clearly distinguishable.

There was a close question of fact in this case whether there was negligence in either of the respects charged and the accident resulted therefrom. The defendant claimed there was no violent sounding of the gong, and no sudden and rapid increasing of the speed of the car, but the accident was caused by the driver turning his horse's head away from the car after the front part had passed the rig, and that the front wheel was thus turned so that the rear steps of the car struck it. It is argued quite persistently that the verdict in this respect was contrary to the evidence, against the weight thereof, and should for that reason be set aside and a new trial granted. I think not.

The verdict is small. A new trial would not be likely to aid the defendant, and, inasmuch as the jury is to have the last say anyway, I think the case better be affirmed now. All concur.

---

BURKE v. CONTINENTAL INS. CO. OF CITY OF NEW YORK.

(Supreme Court, Appellate Division, Fourth Department. November 11, 1908.)

INSURANCE (§ 328\*)—ACTION ON POLICY—EVIDENCE—INSURABLE INTEREST.

 After insured had sold the insured property to another under an agreement making the seller liable for loss or damage thereto before delivery, except loss by fire, the parties to the agreement changed it before the loss, so as to make insured liable for such loss. *Held,* that the change preserved the insurable interest under a policy which covered property sold by insured, but not delivered, for which it might be held liable, so that its assignor could recover under the policy.

 [Ed. Note.—For other cases, see Insurance, Cent. Dig. § 795; Dec. Dig. § 328.\*]

McLennan, P. J., and Robson, J., dissenting.

Appeal from Special Term, Erie County.

Action by William E. Burke against the Continental Insurance Company of the City of New York. Judgment for defendant, and plaintiff appeals. Reversed, and new trial granted.

See, also, 91 N. Y. Supp. 402.

Argued before McLENNAN, P. J., and SPRING, WILLIAMS, KRUSE, and ROBSON, JJ.

Shire & Jellinek and Vernon Cole, for appellant.
Bushnell & Metcalf, for respondent.

WILLIAMS, J. The judgment should be reversed, and a new trial granted, with costs to the appellant to abide event. The action was brought to recover upon a policy of fire insurance. There have been two trials of the case. Upon the first trial, judgment was ordered for plaintiff. There was an affirmance in the Appellate Division, but a reversal in the Court of Appeals. The judgment from which this appeal was taken was ordered for defendant on the second trial.

The controversy has arisen over the question as to whether the

---

\*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

plaintiff's assignor, the Cunningham Company, had an insurable interest in the property destroyed at the time of the fire, so as to give plaintiff a right of action to recover damages for the loss thereof. The property was the subject of an agreement between the Cunningham Company and the Independent Company, both foreign corporations. The former was a manufacturer of glass, and the latter a dealer in glass. By the agreement the Cunningham Company sold to the Independent Company all the window glass it had on hand and such as it should manufacture some time in the future. There were provisions in the agreement as to when title to the glass should pass to the purchaser, and as to the delivery thereof, and the custody of the same until delivered. It was agreed, among other things, that the seller, until the glass was shipped, should be responsible, and liable for and charged with the custody and safety of the glass stored, and with any and all loss thereof or damage thereto, except loss by fire. It was further agreed that the purchaser should insure the property but the sellers should pay the premium. This agreement was made December 19, 1900. The policy had been taken out the 4th day of May, 1900, and was in force when this agreement was made. It provided for insurance of property owned or held in trust by the Cunningham Company, or sold, but not delivered, for which it might be held liable. When the agreement came to be made providing the Cunningham Company should not be liable for loss by fire, it was evident the policy would no longer cover the property. In February, 1901, a short time before the fire (which occurred April 3, 1901), the officers of the two companies had an interview on this subject, appreciated the condition of things, and agreed that the clause in the agreement should be changed, and that the Cunningham Company should be liable for the loss by fire. This was done so as to render a change of the policy unnecessary.

The court upon the first trial found as matter of fact that this change in the agreement was made, and held the defendant liable for the loss. The Court of Appeals, in its opinion for a reversal, made no reference to this change, but treated the written agreement as in full force when the fire occurred. A motion for reargument on this ground was made; the decision of the trial court and the Appellate Division having been based upon this change of the agreement. The Court of Appeals then, in a brief memorandum, stated that finding of a change of the agreement was without evidence to support it. The evidence on this subject was meager, but was supposed to be sufficient to base the finding of a change upon. On the last trial the evidence was given in detail, was entirely uncontradicted, and was not only sufficient to support such a finding, but practically precluded any other finding. The court nevertheless held and found as a fact that no change was made.

This finding, if upheld, absolutely prevents a recovery by the plaintiff, because the facts will not be examined by the Court of Appeals. The finding is contrary to the evidence, against the weight of the evidence, and should not be permitted to stand. The defense is merely technical, having no real merit in it. The defendant received its premiums. Its agent, Brown, knew of the condition of things, and advised the parties that the policy covered the property under the agree-

ment, and need not be changed. This one clause that interfered with the risk was changed, and then the Cunningham Company clearly had an insurable interest in the property. It would be a miscarriage of justice to enable the defendant to escape liability for a loss it was fully paid for carrying.

There should be a reversal and a new trial.

Judgment reversed, and new trial ordered, with costs to appellant to abide event, upon questions of law and fact. All concur, except McLENNAN, P. J., and ROBSON, J., who dissent.