UTICA CANNING CO. v. HOME INS. CO.

(Supreme Court, Appellate Division, Fourth Department. May 5, 1909.)

INSURANCE (§ 164*)—PROPERTY COVERED—GOODS HELD IN TRUST OR ON COMMISSION.

A fire policy issued by defendant covered merchandise, the property of the assured, or held by them in trust or on commission, contained in their warehouse. Plaintiff sold goods to assured, but the sale was rescinded, on condition that no claim should be made against plaintiff for breach of contract, and also on condition that assured would store the goods for such reasonable time as would enable plaintiff to resell them; the only charge to be made by assured being for cartage and

---

freight in case of resale. *Held*, that assured were bailees for hire as to plaintiff's goods, and that the same were covered by the policy.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. § 350; Dec. Dig. § 164.*]

Spring, J., dissenting.

Appeal from Trial Term, Oneida County.

Action by the Utica Canning Company against the Home Insurance Company. Judgment for defendant, and plaintiff appeals. Affirmed.

Argued before McLENNAN, P. J., and SPRING, WILLIAMS, KRUSE, and ROBSON, JJ.

Jones, Townsend & Rudd, for appellant.

Merwin & Merwin, for respondent.

McLENNAN, P. J.  The material facts are not in dispute, and are stated in the opinion.

In August, 1907, Lewis De Groff & Son, wholesale grocers, jobbers, and warehousemen, doing business in the city of New York, entered into contracts with the plaintiff for the purchase of all the No. 1 and No. 2 refugee beans which the plaintiff had packed or would pack up to and including August 16 and 17, 1907, the date when shipment was agreed to be made, and De Groff & Son agreed to pay therefor $1.75 a dozen for the No. 1's and $1.40 a dozen for the No. 2's, f. o. b. New York.  The Sauquoit Canning Company, made a party defendant upon the trial (it being agreed that the complaint and answer should be amended accordingly), was engaged in the same business and was under the same management as the plaintiff, and the contract of purchase made by De Groff & Son was understood to include the beans owned by the Sauquoit Company, as well as those owned by the plaintiff, although the title to the same was separate and distinct.  The sale was not made by sample, but was a sale of a well-known trade article by a trade-name.  Pursuant to the agreement of purchase so made between De Groff & Son and the plaintiff, beans belonging to the plaintiff of the value of $816.20, and beans belonging to the Sauquoit Company of the value of $621.80, were shipped to De Groff & Son under such contract of purchase, where they arrived prior to August 22d, and were by De Groff & Son received and placed in their warehouse in the city of New York.  The beans thus shipped were stored as one lot, practically as if purchased from a single seller, both lots being alike and not distinguishable from each other.  A few days after the beans had been received by De Groff & Son and placed in their warehouse, they made complaint to the plaintiff that the beans were not of such quality as they supposed they were buying, and, in substance, that they did not fulfill as to quality the requirements of the contract of purchase, and De Groff & Son indicated their desire or purpose of repudiating or canceling such purchase by them.  Thereupon such negotiations were had between De Groff & Son and the plaintiff that it was consented by the plaintiff that the contract of purchase might be rescinded, upon condition, however, that no claim should be made by De Groff & Son against the plaintiff as for breach of contract, and also upon condition that

De Groff & Son would continue to store the beans in their storehouse, without cost to the plaintiff, for such reasonable time as would enable plaintiff to resell the same. The only charge to be made by De Groff & Son in case of such resale and upon receiving orders of shipment from the plaintiff was the cartage and freight charges. Under such stipulation and agreement the matter of dispute between De Groff & Son and the plaintiff was settled, and the beans were permitted to remain in the warehouse of De Groff & Son under and pursuant to such agreement. Thereafter, and on the 23d day of September, and, while the beans in question were thus being stored in the warehouse of De Groff & Son, a fire occurred in such warehouse which resulted in injury to the beans owned by the plaintiff in the sum of $737.43 and to the beans owned by the Sauquoit Company in the sum of $542.82, and the question presented by this appeal is whether or not the plaintiff is entitled to recover the loss sustained by it because of such fire.

At the time of the fire Lewis De Groff & Son were insured against loss by fire in the amount of $140,000 by policies issued by 16 different insurance companies; defendant being one of them. The defendant had issued to De Groff & Son two policies of $5,000 each. All of the policies so issued and in force at the time of the fire were the standard New York policies and were exactly alike, except as to the names of insurers and amounts, and each had a typewritten slip pasted thereon and which was made a part thereof, indicating the risks which the policy covered, which was as follows:

"On merchandise hazardous, not hazardous and extrahazardous, including boxes, labels and other supplies, the property of the assured, or held by them in trust or on commission. or sold but not removed, contained in the brick building situate No. 75 Beach street, and Nos. 386–388 Washington street, borough of Manhattan, city of New York."

The whole loss on the contents of the warehouse owned by De Groff & Son was $88,325.11, and settlement was made upon that basis with all of said insurance companies, each paying its proportionate share. Such settlement was made by the defendant with actual knowledge on the part of each of said insurance companies of plaintiff's claim. The plaintiff and the Sauquoit Company served proofs of loss in proper time and on the 18th day of November, 1907, upon the defendant and upon each of the other insurance companies, and the loss sustained by De Groff & Son was not settled, and payment was not made therefor until December 30, 1907. Upon the payment to De Groff & Son of the amount of their loss by the defendant and by all the other companies they consented to the cancellation of the policies issued by them and gave their receipt, which was indorsed upon each of such policies, and were exactly alike, except as to name and amount, as follows:

"$3,154.47.                    New York, December 30, 1907.
"Received of Home Insurance Company of New York three thousand one hundred fifty-four and $47/100$ dollars in full for loss and damage by fire of 23rd September, 1907, to property covered by this policy, and policy is hereby cancelled from this date          Lewis De Groff & Son,
                                          "A. R. Pierson."

As we have seen, such settlement and cancellation of the policies issued by the said insurance company was made with De Groff & Son with full knowledge on the part of said insurance company of plaintiff's loss and of the loss of the Sauquoit Canning Company, proofs of loss having been served by the plaintiff and the Sauquoit Canning Company on all of said insurance companies on November 18, 1907, and the settlement with De Groff & Son and the assumed cancellation of such policies did not occur until December 30, 1907, and was made, as we have seen, with full knowledge of plaintiff's loss and demand.

The plaintiff and the defendant Sauquoit Company made demand on De Groff & Son that they include the value of the goods of plaintiff and of the Sauquoit Canning Company destroyed by the fire in their proofs of loss and collect the same from the insurance companies for their benefit; but De Groff & Son refused so to do. Prior to the bringing of this action, plaintiff made demand upon said De Groff & Son to bring a suit on said policies for the plaintiff's benefit, or, in lieu thereof, to permit the plaintiff to sue in the name of said De Groff & Son on said policies, and said De Groff & Son refused to bring such suit or to allow the use of their name. Thereupon this action was brought by the plaintiff against the defendant insurance company to recover the proportionate share of the loss sustained by the plaintiff, which the defendant became obligated to pay, assuming plaintiff's goods were protected against loss by fire under the policy issued by the defendant.

The learned trial court has found upon competent and sufficient evidence that the sound value of both lots of beans at the time of the fire was $1,437.80; that the value of the salvage of both lots was $151.71, which should be divided equally between both owners; and that the net loss to the plaintiff occasioned by the fire was $737.43, and that the share of such loss which should be paid by the defendant insurance company because of the two policies issued by it of $5,000 each is $10/140$ of said $737.43, plaintiff's net loss, with interest from September 23, 1907, or $52.67, with interest thereon from the date of the fire, for which amount judgment was rendered against the defendant with costs.

Under the facts disclosed, we think it clear that Lewis De Groff & Son were bailees for hire as to the plaintiff's goods, and that, under the slip attached to defendant's policies, it had insured plaintiff's goods, and was liable to it for the damages sustained by reason of the fire. The general rule of law is stated in 13 Am. & Eng. Ency. of Law, p. 216, as follows:

"This form of policy (on goods in trust or on commission) is similar in its legal effect to the policy for whom it may concern, and it arises in much the same way. The insurance is taken out by an agent, consignee, or third party, and inures to the benefit of the real owner of the goods, who need not have given original authority therefor, nor need he adopt the policy prior to a loss; but an adoption within a reasonable time after the loss is sufficient to bind the insurer. * * * A policy on goods held in trust or on commission will cover all the goods with which the party procuring the policy is intrusted, and is not confined to goods held in trust in the strict technical sense, but extends to ordinary bailments. Nor does the policy apply simply

to the personal interest of the one who takes out the insurance, but to the whole value of the goods."

The rule thus stated is amply supported by authority. De Forest v. Fulton Fire Insurance Co., 1 Hall (N. Y.) 94; Lee v. Adsit, 37 N. Y. 78; Waring v. Indemnity Fire Insurance Co., 45 N. Y. 606, 6 Am. Rep. 146; Home Insurance Company v. Warehouse Company, 93 U. S. 527, 23 L. Ed. 868. We think the case of Burke v. Continental Insurance Company, 184 N. Y. 77, 76 N. E. 1086, is not in conflict with the decisions to which attention has been called. In that case the assured held goods for the owner and by special contract was to be liable for their safe storage, etc., except loss by fire, and, while the court approved the earlier decisions on the subject, it held that the goods were not protected against loss by fire owing to the limitation clause in the policy and in plaintiff's own contract with the assured.

In the case at bar we think it clear that under the terms of the policy it was intended by the defendant that everything which De Groff & Son should have in their warehouse in the course of their business was to be insured, and this would seem to be the only purpose of the slip or clause which was added to the policy. Such slip was added to obviate the necessity of covering all sorts of different bailments with separate policies. We think that the fair interpretation and meaning of the policies was that they were intended to cover whatever property De Groff & Son had in their warehouse in the course of their business. Plaintiff's goods were there in the course of such business, the goods were lost, and the plaintiff is now entitled to the protection of the policies. De Groff & Son were bailees of plaintiff's goods for hire, and, under the authorities to which we have called attention, we think it clear that the defendant was liable to the owners of such goods for the loss which occurred to them by reason of the fire against which they were insured by the policies issued to De Groff & Son.

We think there is no force in the objection made to the evidence and the exceptions taken thereto tending to show the relations which existed between De Groff & Son and the plaintiff in respect to the manner in which the goods of the plaintiff came into the possession of De Groff & Son and were held by them at the time of the fire. The other exceptions, to which attention has been called, have been considered, and we conclude that they present no error which requires a reversal of the judgment.

We therefore reach the conclusion that the judgment appealed from should be affirmed, with costs.

Judgment affirmed, with costs. All concur, except SPRING, J., who dissents.