Wilson and Company, Inc., Respondent, v. The Hartford Fire Insurance Company, Appellant.,

First Department, January 16, 1920.

Pleadings — action on fire insurance policy — motion by defendant for judgment on pleadings — right to consider policy annexed to answer in determining whether complaint states cause of action — fire insurance policy made by stock exchange for benefit of any person whose cattle might be in yard at time of fire — right of assured to whom policy payable to maintain action as trustee of express trust — right of person whose cattle were burned to maintain action against insurance company.

On a motion by the defendant for judgment on the pleadings in an action to recover on a fire insurance policy the court, in determining whether the complaint states a cause of action, may take into consideration the policy of insurance annexed to the answer, where the plaintiff admits by his reply that that is the policy on which the action is based.

Where a policy of fire insurance is made payable to the assured or to some other person for the use of third persons, the assured or the person named in the policy is constituted a trustee of an express trust, who is authorized under section 449 of the Code of Civil Procedure to prosecute an action upon the policy.

The plaintiff could not maintain an action to recover the insurance on certain live stock owned by it under a policy of fire insurance issued by the defendant to the Kansas City Live Stock Exchange, to cover live stock while in the yards of the Kansas City Stock Yards Company and which insurance was "intended to cover the interest of the members of the above mentioned Exchange and the shippers whom they represent, and also the interest of purchasers while this stock remains in the yards," where the policy provided that in case of loss the same shall be adjusted with and payable to the president of the exchange for the use and benefit of the owners of the property injured or destroyed, for the contract of insurance was to be performed by the exchange as the trustee of an active express trust and the beneficiaries' rights are limited to the distribution of the fund after it was paid over by the defendant, and it is not a contract made for the sole benefit of the plaintiff, but it was clearly the intention of the parties to the policy that any loss should be adjusted by and paid to the president to avoid multiplicity of claims and actions.

*It seems*, that it would only be in case of the refusal of the president of the exchange to adjust a loss or, having collected, to fail to pay over that a right of action might arise in the plaintiff.

Appeal by the defendant, The Hartford Fire Insurance Company, from an order of the Supreme Court, made at the New

York Special Term and entered in the office of the clerk of the county of New York on the 6th day of June, 1919, denying defendant's motion for judgment on the pleadings, consisting of the summons and complaint, the amended answer and the reply, and for judgment on the plaintiff's reply.

*George Richards* of counsel [*Richards & Affeld,* attorneys], for the appellant.

*Edward L. Williams* of counsel [*Cravath & Henderson,* attorneys], for the respondent.

PAGE, J.:

The action is brought to recover upon fire insurance policies issued by the defendant. The subject-matter of the insurance was live stock in the Kansas City Stock Yards. By reason of the fact that these yards are situated in the States of Kansas and Missouri two policies were issued, copies of which are annexed to the answer and admitted by the reply.

The learned justice at the Special Term held that the complaint clearly states a cause of action and since material issues had been raised as to the defenses set forth in the answer, such issues must be disposed of upon the trial and cannot be summarily disposed of on a motion for judgment on the pleadings. This position is correct, if it be conceded that the complaint states a cause of action in favor of the plaintiff against the defendant. The motion, however, challenges the sufficiency of the complaint, tested not alone by the allegations but by those allegations as controlled and limited by the policies of insurance which are admitted by the reply to be the contracts upon which the plaintiff's alleged right of action is predicated. The fact that these policies are annexed to the answer, instead of to the complaint, is immaterial, inasmuch as plaintiff has admitted that those are the contracts upon which its complaint is based. We have held that a contract, copy of which was annexed to the answer and stated in plaintiff's bill of particulars to be the contract on which the action was brought, may be considered on a motion for judgment on the pleadings. (*Dineen* v. *May,* 149 App. Div. 469, 471. See, also, *Wood* v. *Miller,* 78 Misc. Rep. 377, 378; *Friede* v. *White Co.,* 244 Fed. Rep. 272, 275.) The reasons stated for such resort to the bill of particu-

lars apply with equal cogency to the situation here presented. The question to be determined is, conceding that the contract is as set forth, and for the purposes of the motion conceding that the facts alleged in the complaint are true, is there stated a cause of action in favor of the plaintiff as against this defendant? The policies are unusual in many particulars, and a similar contract of insurance does not seem to have been the subject of judicial consideration. In the further consideration we will speak of these policies as the policy, as they are identical in terms and intended by the parties to be treated as one, their separation being occasioned by the existence of separate State agencies of the defendant, and the fact that the stock yards extend in the territorial limits of two States. The policy is written for no definite amount and for no stated premium. It insures the Kansas City Live Stock Exchange for a term of five years against all direct loss or damage by fire:

" To the following described property while located and contained as described herein and not elsewhere, to wit: The Kansas City Live Stock Exchange (for the account of whom it may concern) on live stock, consisting of cattle, hogs, calves, sheep or goats on the premises of the Kansas City Stock Yards Company of Missouri [and the United States Quarantine Stock Yards Company of Kansas City, Kansas] or in railroad cars on track adjacent thereto, * * * and to continue while the property herein insured is under the control of the assured on the above described premises or under the control of any member of the above mentioned 'Exchange " or of the Stock Yards Companies.

" This insurance is intended to cover the interest of the members of the above mentioned Exchange and the shippers whom they represent, and also the interest of purchasers while this stock remains in the yards."

In case of loss the liability of the insurance company shall not be in excess of one hundred and fifty dollars on any one head of cattle, thirty-five dollars on any one hog, fifty dollars on any one calf, fifteen dollars on any one sheep or goat. The assured agrees to pay monthly to the insurance company the sum of ten cents per car on all cars of live stock that are received at the stock yards, and that premiums under this contract are to be predicated on the number of carloads of stock received at the

yards during each month the policy is in force. It is understood and agreed that all live stock as above described located in the yards, buildings or on the grounds of the Stock Yards Companies or under the control of any member of the Exchange or of the Stock Yards Companies is covered by this insurance. "It is understood and agreed and made a warranty on the part of the assured to use due diligence in so far as possible in removing live stock in the event of fire to a place of safety and any loss or casualty to said live stock, occasioned during or incidental to said removal shall be covered by this policy.

"It is understood and agreed that it is the intent of this contract to cover any loss arising through the mixing of two or more owners' stock in removing them to a place of safety in the event of fire to the property." Loss under the policy shall be adjusted with and payable to C. T. McCoun, president, or his successor in office for the use and benefit of the owners of the property injured or destroyed. Attached to and forming part of the policy, among other things, is the following: "It is understood and expressly agreed that this insurance shall cover and be for the benefit of all owners or persons interested, and that this policy is written in the name of the Kansas City Live Stock Exchange for convenience, but shall enure to the benefit of all persons owning or interested in said live stock as their interests may appear, and shall have the same binding force as if their names were written herein."

The complaint alleges that the Kansas City Live Stock Exchange was an association whose members were commission men or brokers engaged in the business of buying and selling and otherwise dealing in cattle, hogs, calves, sheep and goats for shippers at Kansas City in the States of Missouri and Kansas. Upon information and belief the plaintiff was the owner of a large number of cattle and calves which had been purchased by it through the said Exchange or members thereof, acting as commission men or brokers for shippers. At the time of the fire said cattle and calves still remained in the possession of and under the control of said Exchange, some member or members thereof, the Stock Yards Companies either at Kansas City in Kansas or in Missouri or in railroad cars on tracks adjacent thereto; that upon information and belief, on or about the 15th day of October, 1917, and while said policy was in full

force and effect, certain of the property of the plaintiff, to wit, 716 calves and 718 cattle which it had purchased through the said Exchange or the members thereof, acting as commission men or brokers for shippers were, while located and contained, as in said policy required, by reason and on account of a fire such as was insured against, burned, destroyed, maimed or lost either as a direct result of said fire or through being mixed with the stock of other owners while being removed to a place of safety, and the defendant under the terms of the policy was obligated to pay and reimburse the plaintiff for all damage sustained by reason of said loss and destruction, and that any of the cattle and calves not destroyed by the fire were, together with the salvage from the carcasses of those destroyed, not returned to plaintiff but were taken over by the defendant and sold by it for its own account. The value of the cattle and calves at the rate specified in the policy was alleged to be $57,797.49; that immediately upon the occurrence of the fire the Exchange, and in particular the plaintiff, duly gave the notice of loss, and within sixty days after said fire duly rendered to the defendant the statement of proof of loss referred to and required by said policy, which was then received; that the Exchange, and particularly the plaintiff, before the commencement of this action duly performed all the terms and conditions of said policy of insurance on their part to be performed; that more than sixty days have elapsed since the receipt by the defendant of due notice, ascertainment, estimate and satisfactory proof of loss, in accordance with the terms and conditions of said policy; that this action was commenced within twelve months of said fire; and that plaintiff duly demanded the payment of the said sum of $57,797.49, and that no part thereof has been paid, although duly demanded. In passing it may be noted that the complaint does not state upon whom the demand for payment was made, whether upon the defendant or the Kansas City Live Stock Exchange. For the purposes of this appeal we will assume that the demand was made upon the defendant.

The contract of insurance was made between the defendant and the Kansas City Live Stock Exchange (hereinafter called the Exchange) in consideration of premiums to be paid by the latter. The contract was not made for the benefit of the Exchange, nor was there a certain and specific property insured.

The property covered by the insurance changed from day to day, it was such live stock as might be in the yards of the stock yards company or in cars upon tracks adjacent thereto. The beneficiaries were such members of the Exchange, purchasers, shippers or brokers who for the time being owned such live stock, or had an insurable interest therein. In case of loss by fire the beneficiaries of the policy would be those above mentioned whose live stock was at that time in the yards or in the cars, and were destroyed or lost. The defendant had no means of knowing who these beneficiaries were. The Exchange did. It was, therefore, provided that loss under the policy should be adjusted with and payable to the president at the time of the issuance of the policy or his successor in office, for the use and benefit of the owners of property injured or destroyed.

Where a policy of insurance is made payable to the assured or to some other person for the use of third persons the assured or the person named in the policy is constituted trustee of an express trust, who is authorized under section 449 of the Code of Civil Procedure to prosecute an action upon the policy. (*Greenfield* v. *Massachusetts Mut. Life Ins. Co.*, 47 N. Y. 430, 435; *Cone* v. *Niagara Fire Ins. Co.*, 60 id. 619, 625.) The Exchange or its president was not a mere collection agent, nor do those cases apply which arise out of marine insurance when the broker takes out a policy for whom it may concern. In such cases the broker is acting as agent for an undisclosed principal, in which case the principal can sue upon the policy. In the instant case the contract was to be performed by the trustee. The beneficiaries' rights were limited to the distribution of the fund after it was paid over by the defendant. Nor was this a mere naked trust. The Exchange was obligated to pay the premiums, and in the event of fire it was to use due diligence to remove the live stock to a place of safety, to minimize the loss, and the president of the Exchange was to adjust the loss and to receive payment under the policy. This case does not come within the rule laid down in *Lawrence* v. *Fox* (20 N. Y. 268), that a right of action accrues to a third person upon a contract made for his benefit. The cases within this rule have lately been collated and classified. (*Seaver* v. *Ransom*, 224 N. Y. 233, 237.) The contract was not made for the sole benefit of the plaintiff. It was not made for its benefit at all, unless it

had live stock in the yards of the Stock Yards Company at the time of the fire and then the policy was only for its benefit, because it was one of many similarly situated. It was clearly the intention of the parties to the policy that the loss should be adjusted by and paid to the president to avoid a multiplicity of claims and actions. It would only be in the case of the refusal of the president to adjust the loss or having collected to fail to pay over that a right of action might arise in the plaintiff. There are no facts stated in this complaint that tend to support such a cause of action. It is alleged that the proofs of loss were presented by the Exchange and that it performed all the terms and conditions of the policy. It does not state whether the defendant paid the president of the Exchange, or refused payment. It does not allege any demand made upon the Exchange or its president, either for payment or that it bring an action. If plaintiff has any right of action it would be one in equity in which the Exchange and possibly the president would be necessary parties.

The order should be reversed, with ten dollars costs and disbursements, and defendant's motion granted and judgment entered dismissing the complaint, with costs.

Clarke, P. J., Laughlin, Smith and Philbin, JJ., concur.

Order reversed, with ten dollars costs and disbursements, and motion granted, with ten dollars costs, and judgment ordered dismissing the complaint, with costs.