Philip Lewis and Max Lewis, Plaintiffs, *v.* The Home
Insurance Company, Defendant.

(Supreme Court, New York Special Term, March, 1920.)

**Contracts — when enforcible — when made between others for the
benefit of a third person — insurance — warehouseman.**

> Where a policy insuring goods held "in trust or on com-
> mission" or "sold, but not removed" was issued to and in
> the name of a warehouseman for the benefit of the true owners,
> the complaint in an action on the policy will not be dismissed
> if all the requirements necessary to bring the plaintiff within
> the rule as to the right to sue on a contract made between
> others for the benefit of a third person, are fulfilled.

Action upon an insurance policy.

John B. Johnston (Edmund L. Mooney and Eli S.
Wolbarst, of counsel), for plaintiff.

Fox & Weller, for defendant.

McAvoy, J. It may be assumed as a well-settled
axiom and a point perfectly and entirely at rest that
the warehouseman has an insurable interest in goods
to which he has no title, and may recover for their loss
in its entirety under a policy insuring goods held " in
trust or on commission " or " sold, but not removed."
5 El. & Bl. 570; 1 El. & El. 652, Queen's Bench;
1 Hall, 136. The converse of the proposition is here
for decision: May the true owner sue and recover his
interest under a policy issued for the benefit of the
true owners, to and in the name of the warehouseman
alone? This, as presented here, is an open question
and a doubtful point. None of the cases decide it
whole-heartedly. It is not forbidden by the law that

a policy should be so framed as that the insurance shall be inseparably attached to the property meant to be covered, so that successive owners during the continuance of the risk shall become in turn the parties really insured. Custom has made the practice uniform. Law sanctions universal usage and follows it. *Legem ex conventione partes accipiunt.* The *Wilson* case (*Wilson & Co., Inc.,* v. *Hartford Fire Ins. Co.,* 190 App. Div. 506) has some corresponding aspects to this cause, but differs in that its terms provide for payment to a particular person for all losses incurred, and its provisions are doubtless intended to cover conditions unlike the type which the policy here includes. Nor does the complaint show that a multiplicity of suits impends by other vendees who have stored their goods with the insured named in the policy. So far as is shown by the complaint, the plaintiff may have been alone a vendee, whose goods were " sold, but not removed." Nor does it appear that the Green River Distilling Company, the nominated insured, has not been paid any loss to it accruing as owner under the policy, hence no requirement of joining it as plaintiff or defendant is apparent. If plaintiff fulfills all the requirements necessary to bring itself within the rule adopted in our law for the right to sue on a contract made between others for the benefit of a third person, I see no reason to dismiss its claim. The rule is that a contract may be enforced by a person not a party thereto, when made for his benefit by another, when there is a pecuniary obligation running from the promisee to the beneficiary, that is, a legal right founded upon some obligation of the promisee in the third party to adopt and claim the promise as made for his benefit. *Lawrence* v. *Fox,* 20 N. Y. 268; *Vrooman* v. *Turner,* 69 id. 280; *Seaver* v. *Ransom,* 224 id. 234.

38

It cannot be denied that there was a legal duty owed by the promisee to the person to be benefited — the duty of a warehouseman to take care of the goods intrusted to it — and that the promise by the insurance company to pay a loss accruing to a consignor of goods in the warehouse is enforcible by the party for whose interest it is made, even though not in strict privity under the theory of nominal parties to the contract. Plaintiff's motion granted. Defendant's motion denied. Demurrer overruled. Leave to answer ten days hereafter on payment of costs.

Ordered accordingly.