WILSON & Co., INCORPORATED, Appellant, *v.* THE HARTFORD FIRE INSURANCE COMPANY, Respondent.

*Insurance — policy of fire insurance for benefit of whom it might concern, loss to be adjusted and payable to " President or his successor in office "— when common-law action on policy by individual suffering loss cannot be maintained.*

*Wilson & Co., Inc.,* v. *Hartford Fire Ins. Co.,* 190 App. Div. 506, affirmed.

(Argued September 27, 1920; decided October 12, 1920.)

APPEAL from a judgment, entered January 22, 1920, upon an order of the Appellate Division of the Supreme Court in the first judicial department, which reversed an order of Special Term denying a motion by defendant for judgment upon the pleadings, granted said motion, and directed a dismissal of the complaint. Defendant issued its policies of fire insurance, taken out and paid for by the Kansas City Live Stock Exchange for the benefit of whom it might concern, including all the farmers or shippers of live stock shipping into the yards, all brokers or commission men constituting the membership of the exchange, and all purchasers of live stock from the yards, the policy being without any aggregate limit of amount, and running for the term of five years, but covering the live stock only while in the yards, or on tracks adjacent thereto. The policies contained the

following clause: "Loss under this policy shall be adjusted with and payable to C. T. McCoun, President, or his successor in office, for the use and benefit of the owners of the property injured or destroyed." A fire occurred in the yards and livestock belonging to plaintiff was destroyed. This action was brought to recover on the policies, the complaint being in the usual form of a common-law action. The Appellate Division held that " it was clearly the intention of the parties to the policy that the loss should be adjusted by and paid to the president to avoid a multiplicity of claims and actions. It would only be in the case of the refusal of the president to adjust the loss or having collected to fail to pay over that a right of action might arise in the plaintiff;" that " if plaintiff has any right of action it would be one in equity in which the exchange and possibly the president would be necessary parties."

*Edward L. Williams* for appellant.
*George Richards* for respondent.

Judgment affirmed, with costs; no opinion.

Concur: HISCOCK, Ch. J., CHASE, HOGAN and POUND, JJ. Dissent: CARDOZO, CRANE and ELKUS, JJ.