Philip Lewis and Max Lewis, Respondents, *v.* Home Insurance Company, Appellant.

First Department, January 20, 1922.

Insurance — warehouses — owner of goods destroyed in warehouse may sue on policy secured by warehouseman for such owner's benefit — Code of Civil Procedure, § 449, authorizing trustee of express trust to bring suit is permissive only — principal and agent — trusts — warehouseman insuring property of patron acts as agent and is also trustee of express trust — complaint sufficient — warehouseman could have brought action.

The owners of warehouse receipts representing a quantity of whisky, which was destroyed by fire while in a warehouse, are proper plaintiffs and the warehouse corporation is not a necessary party plaintiff in an action against an insurance company to recover the insurance on the destroyed property, in the absence of some clause in the policies to the contrary, where the warehouse corporation had agreed with the holders of the receipts to keep the said whisky insured for the benefit of the owners while it remained in the warehouse and had taken out a policy which provided that the insurance covered not only the property of the warehouse corporation but also the property of others held by it, and the complaint states that the insurance so procured was ratified and adopted by the holders of the warehouse receipts, and it does not appear upon the face of the complaint that any one else has any substantial interest in the policies.

*It seems*, that the provisions of section 449 of the Code of Civil Procedure are permissive, and simply authorize the trustee of an express trust to bring suit without making the beneficiary of the trust a party.

*It seems*, that the general rule is that where a warehouseman takes out insurance for the benefit of third parties whose goods may be from time to time in his warehouse, he acts, in the first instance, as an agent for the owners of such goods, and is also deemed to be a trustee of an express trust.

The complaint states facts sufficient to constitute a cause of action.

Although the warehouse corporation could properly have brought the action, if the plaintiffs had made such a request, the question whether or not they made the request is not material.

GREENBAUM, J., dissents, with opinion.

APPEAL by the defendant, Home Insurance Company, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 2d day of March, 1920, granting plaintiffs' motion for judgment on the pleadings, consisting of a complaint and demurrer thereto and denying defendant's motion for judgment on the pleadings.

*Fox & Weller* [*Robert J. Fox* of counsel; *Robert P. Schur* with him on the brief], for the appellant.

*John B. Johnston* [*Edmund L. Mooney* of counsel], for the respondents.

MERRELL, J.:

This action is brought by Philip Lewis and Max Lewis to recover from the defendant the sum of $142,268, the amount of certain insurance policies issued by the defendant to the Green River Distilling Company, Incorporated. The defendant demurred to the complaint on three grounds: *First*, that the complaint does not state facts sufficient to constitute a cause of action; *second*, that if the plaintiffs have any interest in the policies mentioned in the complaint they have no legal capacity to sue, for the reason that the Green River Distilling Company, Incorporated, to which the policies were issued, and which is the insured named therein, is the proper party to maintain the action; and, *third*, that if the plaintiffs have any interest in the policies in question there is a defect of parties *plaintiff*, in that the Green River Distilling Company, Incorporated, is not made a party plaintiff.

First Department, January, 1922. [Vol. 199

The complaint alleges that the Green River Distilling Company, Incorporated, of Owensboro, Ky., is a corporation organized and existing under the laws of the State of Kentucky; that prior to August 24, 1918, for a valuable consideration, the said distilling company issued and delivered to divers persons certain warehouse receipts for and representing certain barrels of whisky, which whisky had been purchased from said distilling company by the holders of said receipts; that said whisky was thereupon left for storage in the distillery warehouses of said company to be held by it as a warehouseman for the owners and holders of said warehouse receipts and their successors and assigns; that prior to the commencement of the action " the said holders and owners of said warehouse receipts, for a valuable consideration," assigned the same to the plaintiffs, who were, at the time of the commencement of the action, the owners and holders thereof. The complaint also alleges that the said Green River Distilling Company, Incorporated, had, for a valuable consideration, *promised and agreed* with the holders of said warehouse receipts to keep the said whiskies insured for the benefit of said holders against loss or damage by fire to the *full value thereof*, during the time it remained in its warehouses; that for such valuable consideration the distilling company obtained said insurance; that the defendant, " among others," insured said whiskies against loss or damage by fire in and by policies of insurance issued by the defendant, among others, to it; that said policies contained, among other stipulations, an agreement that such insurance covered not only the property and interest of the company, but the property of others held by it " in trust or on commission," sold and not delivered, or held for the account of others, which provisions were intended to and did cover and insure the property of the said holders of said warehouse receipts, of all of which defendant had notice; that the holders of said warehouse receipts and plaintiffs have ratified and adopted the insurance so taken out by the distilling company for the benefit of said holders of said warehouse receipts; that subsequent to the taking out of such insurance the whiskies represented by the said warehouse receipts and belonging to the holders and owners thereof and then being in the warehouses of the said distilling company, situate in the city of Owensboro, Ky., were totally

destroyed by fire; that the policies so issued by the defendant and other solvent insurers were outstanding and unexpired at the time of the fire in an amount sufficient to pay " in full the value of the property of the holders of said warehouse receipts owned by the plaintiffs, and also all other property covered thereby; " that subsequent to the said fire the Green River Distilling Company, Incorporated, served upon the defendant due proofs of loss within the time required by the terms of said policies, " which proofs covered the property of the holders of said warehouse receipts and the plaintiffs held by said company as warehousemen; " that on April 5, 1919, plaintiffs served on the defendant a notice in writing that said policies of insurance covered whiskies owned by the plaintiffs, and that the plaintiffs claimed the right to receive from the defendant the value of said whiskies, and that the plaintiffs forbade payment to the said distilling company; that the value of said whiskies, the property of the plaintiffs, so destroyed, was the sum of $142,268, for which sum the plaintiffs demand judgment.

The exact question here to be determined has not been before the courts of this State in recent years. In fact, it seems to have been taken for granted that the real owner of goods destroyed by fire can sue in his own name to recover the loss.

The appellant, however, contends that as the Green River Distilling Company, Incorporated, is not a party plaintiff, its demurrer should be sustained. It is also claimed by the appellant that there is such a unity of interest in the proceeds of the policies sued upon that the Green River Distilling Company, Incorporated, is a necessary party plaintiff. The appellant relies largely upon the case of *Wilson & Co., Inc.*, v. *Hartford Fire Ins. Co.* (190 App. Div. 506; affd., without opinion, 229 N. Y. 612). In the *Wilson* case the action was brought by the owner of certain live stock destroyed by fire while in the yards of the Kansas City Stock Yards Company. The defendant answered, making the insurance policy a part of its answer, and the plaintiff replied, admitting the terms of the policy. A motion was then made by the defendant for judgment on the pleadings. At Special Term it was held that the complaint stated a good cause of action. Such order was reversed by this court on the ground that, under the contract of insurance sued upon, which

appeared *in toto* in the pleadings, the loss was payable to the president of the Kansas City Livestock Exchange under the express terms of the contract, to be by him distributed and disbursed. Mr. Justice PAGE in his opinion says: " The motion, however, challenges the sufficiency of the complaint, tested not alone by the allegations, but by those allegations as controlled and limited by the policies of insurance which are admitted by the reply to be the contracts upon which the plaintiff's alleged right of action is predicated. The fact that these policies are annexed to the answer, instead of to the complaint, is immaterial * * *. Loss under the policy shall be adjusted with and payable to C. T. McCoun, president, or his successor in office, for the use and benefit of the owners of the property injured or destroyed. * * * In case of loss by fire the beneficiaries of the policy would be those above mentioned whose live stock was at that time in the yards or in the cars, and were destroyed or lost. * * * Where a policy of insurance is made payable to the assured or to some other person for the use of third persons, the assured or the person named in the policy is constituted trustee of an express trust, who is authorized under section 449 of the Code of Civil Procedure to prosecute an action upon the policy. (*Greenfield* v. *Massachusetts Mut. Life Ins. Co.*, 47 N. Y. 430, 435; *Cone* v. *Niagara Fire Ins. Co.*, 60 id. 619, 625.) * * *"

It is obvious that, had the question determined in the *Wilson* case arisen solely on the demurrer to the complaint, the court would, in such event, have held that the complaint set forth a good cause of action. As stated by Mr. Justice PAGE, the court took into consideration the terms of the policies *annexed to the answer*. The policy in question in the *Wilson* case showed clearly that it was the intention of the insurer and the insured that all losses should be payable to the president of the stock exchange, to be by him distributed among those who were owners of the lost property.

In the complaint in the case at bar it is specifically alleged that the distilling company had agreed to effect the insurance upon a valuable consideration for the benefit of the insured, who were the holders of warehouse receipts now owned by the plaintiffs. It is clear from the complaint that a contractual relation existed between the parties, and that the distilling

company, in effecting the insurance, was the agent of the insured. The complaint also states that the insurance so procured by the distilling company was ratified and adopted by the holders of the warehouse receipts.

While it has been held in some of the recent cases that a warehouseman procuring insurance becomes a trustee of an express trust and may sue as such trustee under section 449 of the Code of Civil Procedure, still the courts have not gone so far as to hold that the beneficiaries or owners of the property destroyed cannot sue. Indeed, such right seems to have been assumed. The provisions of section 449 of the Code are permissive, and simply authorize the trustee of an express trust to bring suit without making the beneficiary of the trust a party. (*Hubbell* v. *Medbury*, 53 N. Y. 98.) In the case last cited Judge FOLGER, in commenting upon the rights and powers of a trustee of an express trust, says: " It is true that the plaintiff as trustee had no cause of action before that time. Nor had he any cause of action then, *unless those whom he represented* then had one. * * * Nor does section 113 of the Code of Procedure [now Code Civ. Proc. § 449] affect the question. That is *permissive*. The trustee of an express trust may by it sue without joining the beneficiaries. It *does not forbid an action* by them, or by him with them."

*Greenfield* v. *Massachusetts Mut. Life Ins. Co.* (47 N. Y. 430) and *Cone* v. *Niagara Fire Ins. Co.* (60 id. 619), cited in the *Wilson Case* (*supra*) as authority for the proposition that the policy there under consideration constituted the president of the exchange a trustee, do not go so far as to hold that the owner of the property destroyed is not a proper party plaintiff, or cannot maintain an action against the insurer. The *Greenfield* case, first cited, was an action brought upon a life insurance policy made payable to the " assured, his executors, administrators, and assigns." The beneficiaries were the wife and mother of the assured, who were to receive $2,000 and $1,000, respectively. The action was brought by the personal representative of the deceased, and the question was raised by the insurance company as to the authority of such representative to bring the action. Judge GROVER, in his opinion, says: " I think the action originally was properly brought by the

plaintiff in her representative capacity against the insurance company. * * * This was a contract made by the assured for the benefit of his wife and mother. The undertaking of the company, in effect, was to pay to the personal representatives of the assured the sum specified in the policy for the benefit of his wife and mother. This constituted such representatives the trustees of an express trust within the meaning of section 113 of the Code, by virtue of which they were authorized to prosecute an action for the benefit of the wife and mother." In the *Greenfield* case, upon application of the insurance company, the wife and mother of the assured were brought in as parties defendant. While the court held that the personal representative of the assured could bring the action, the court did not hold that there was such a unity of interest as to prevent the two beneficiaries from suing without joining the personal representatives as a party plaintiff. The insurance company in the *Greenfield* case went so far as to claim that the personal representatives could *not sue at all.*

In the *Cone* case the action was brought against the Niagara Fire Insurance Company by a creditor or incumbrancer of the alleged owner of certain premises, and it was held that the owner need not be joined as a party, since it was alleged that only the plaintiff had any interest in the recovery.

While the above cases are in point upon the question as to whether or not a warehouseman, taking out insurance for the benefit of third parties, can bring an action upon the policy as a trustee under section 449 of the Code of Civil Procedure, such cases do not seem to have any bearing upon the complaint in the case at bar. The general rule seems to be that, where a warehouseman takes out insurance for the benefit of third parties whose goods may be from time to time in his warehouse, he acts, in the first instance, as an agent for the owners of such goods (*Stillwell* v. *Staples,* 19 N. Y. 401), and is also deemed to be a trustee of an express trust. In his opinion in the *Stillwell* case, Judge SELDEN says it is a " familiar doctrine that where one acting as agent, although without any actual authority, makes a contract for the benefit of another, the latter may, at any time afterwards, so long as the contract continues in force, upon being apprised of its existence, adopt the act of the agent, and thus entitle himself to all the advantages of

the contract as fully as if originally made by his express authority, applies, of course, as well to policies of insurance as to any other species of contract." The learned judge then referred to a payment of money upon a similar policy of insurance to the bailee, and says: " He has no just claim to such money. It supplies the place of the goods consumed, and in equity belongs to the owner of the goods."

It is claimed by the respondent that the complaint in the case at bar is founded upon, and is similar to, the complaint in the case of *Utica Canning Co.* v. *Home Insurance Co.* (132 App. Div. 420). The Utica Canning Company brought an action against the Home Insurance Company (this defendant) to recover certain insurance upon goods owned by the plaintiff and in a warehouse which was destroyed by fire. The warehouseman had taken out a policy which contained a clause which covered the property of others held " in trust or on commission." The Utica Canning Company had forwarded the goods in question under a contract of sale. The contract was canceled, and, pursuant to an agreement between the parties, the goods remained · in the purchaser's warehouse awaiting a resale. A fire occurred and the insurance company paid all of the alleged loss, but did not pay anything to the plaintiff, Utica Canning Company. An action was brought by it setting forth such facts,. and that the canning company had made demand upon the owner of the warehouse for its part of the insurance money, which request was refused. The warehouseman was made a party defendant to the action, and the case proceeded upon the theory that the plaintiff, which was the owner of the goods destroyed by fire, had a right to sue the insurance company. The action was at law and founded upon the contractual relations which existed between the parties.

The position taken by the plaintiffs in the case at bar is consistent with numerous decisions and also with that taken by the insurance companies in numerous cases. In the earlier cases the companies even went so far as to assert that the warehouseman had no right to collect for anything but his own interest, and that the owner must bring suit for his own loss, he being the real party in interest under the Code. (*DeForest* v. *Fulton Fire Ins. Co.*, 1 Hall, 84; *Walsh* v.

*Washington Marine Ins. Co.,* 3 Robt. 202; affd., 32 N. Y. 427; *Waring* v. *Indemnity Fire Ins. Co.,* 45 id. 606.) The law having been settled for many years that a warehouseman or commission merchant may sue to recover the entire loss as the trustee of an express trust, under section 449 of the Code, the defendant now contends that, because the courts have so held, therefore, the owner of the goods cannot sue. It seems, however, that the law has always been to the contrary. In Wood on Fire Insurance (2d ed. p. 669) the rule is given as follows: "In such cases the term 'held in trust' or 'on commission' and kindred terms in a policy to an agent, factor or the like, have been held as giving to the owner of the property the right to take the place of the assured, to adopt the contract and to enforce it, in his own name or that of his agent," citing as authority, *Waring* v. *Indemnity Fire Ins. Co. (supra); Lee* v. *Adsit* (37 N. Y. 86) and *Stillwell* v. *Staples* (19 id. 401).

Commissioner DWIGHT in *Pitney* v. *Glens Falls Ins. Co.* (1875) (65 N.Y. 6) lays down the rule that "'an action on an insurance policy may be brought either in the name of the party by whom or for whom it is made.'" (*Sargent* v. *Morris,* 3 B. & A. 280; *Hubbell* v. *Medbury,* 53 N. Y. 98; *Cridler* v. *Curry,* 66 Barb. 336; *Bort* v. *Snell,* 39 Hun, 392.) It, therefore, follows that the owner of property insured by a warehouseman can sue to recover the loss sustained by fire unless there is some clause in the policy to prevent it.

The complaint in the case at bar states that the plaintiffs are the owners of warehouse receipts representing a very large quantity of whisky of the value of over $140,000. It does not appear upon the face of the complaint that any one else has any substantial interest in the insurance policies sued upon. The plaintiffs have chosen this forum in which to bring the action to recover upon the policies. The defendant, which has full knowledge of all of the facts and has upon file all of the proofs of loss relating to the fire in question, has not answered. Assuming all of the facts stated in the complaint to be true, as we must, a cause of action has been set up against the defendant. It may appear that no one is interested in the recovery, except the plaintiffs. If the defendant thinks it necessary to bring in any additional parties defendant, that can be accomplished by making a proper case. The

plaintiffs are seeking to recover only such sum as is due them from the defendant. It will be necessary for the plaintiffs to prove all of the facts necessary to a recovery. If they make a case the plaintiffs are clearly entitled to receive the insurance which is now all that they have to take the place of the property destroyed by fire. Under the facts alleged in the complaint, the plaintiffs are the true principals and the real parties in interest. The complaint states that the insurance was obtained for a valuable consideration and under an express agreement with the distilling company to procure it. So far as appears in the complaint, the distilling company has no actual interest in the policy. Under such circumstances it would be unfair to place the plaintiffs, against their will, in the hands of the distilling company, and to thus enable the latter to conduct plaintiffs' case and to choose the forum. Whether the plaintiffs have or have not requested the warehouseman to bring such action is not material. Had the plaintiffs made such a request, the warehouseman could properly bring the action. But the plaintiffs had the right to sue and have not been deprived of such right by any fact stated in the complaint. In so holding, however, we express no opinion in respect to the amount plaintiffs may be entitled to recover.

The order appealed from should be affirmed, with ten dollars costs and disbursements, with leave to defendant within ten days to withdraw demurrer and to answer on payment of said costs and the costs awarded to plaintiffs by the order appealed from.

CLARKE, P. J., LAUGHLIN and SMITH, JJ., concur; GREENBAUM, J., dissents.

GREENBAUM, J. (dissenting):

The grounds of the demurrer are insufficiency of the facts in the complaint; that plaintiffs have no legal capacity to sue; and finally, that there is a defect of parties plaintiff.

The allegations of the complaint pertinent to this appeal are that the defendant is a domestic fire insurance corporation; that the Green River Distilling Company, Incorporated, is a foreign corporation which, prior to the 24th day of August, 1918, for a valuable consideration, " issued and delivered to divers

persons certain warehouse receipts for and representing certain barrels of whisky, which whiskies had been purchased from said Green River Distilling Company, Incorporated, by the holders of said receipts and were thereupon left for storage in the distillery warehouses of said company to be held by it as a warehouseman for the holders and owners of said warehouse receipts and their successors and assigns;" that prior to the commencement of this action plaintiffs became the holders and owners for value " of said warehouse receipts " and of the whiskies represented thereby; that for a valuable consideration the Green River Distilling Company, Incorporated, agreed with the holders of the aforesaid warehouse receipts to keep the whiskies so purchased and stored with it by the holders thereof insured " against loss or damage by fire to the full value thereof during the time it remained in its warehouses;" that said distilling company " did insure said whiskies against loss or damage by fire in and by policies of insurance issued by defendant, among others, to it, and containing among other stipulations an agreement that said *insurance covered not only the property and interest of said company* [italics ours], but the property of others held by it in trust or on commission, sold and not delivered, or sold but not removed, or held for account of others, or provisions of similar import, which provisions were intended to and did cover and insure the property of the said holders of said warehouse receipts, of all of which defendant had notice;" that the said holders of said warehouse receipts, as well as the plaintiffs, have ratified and adopted the insurance so taken out by the distilling company for their benefit; that on or about the 24th day of August, 1918, the whiskies represented by the aforesaid warehouse receipts and then being in the warehouse of the said Green River Distilling Company, Incorporated, situated in the city of Owensboro, in the State of Kentucky, were totally destroyed by fire; " that the policies so issued by the defendant and other solvent insurers to said Company were on or about said August 24th, 1918, outstanding and unexpired and were for an amount sufficient to pay in full the value of the property of the holders of said warehouse receipts owned by the plaintiffs and also all other property covered thereby."

It is also alleged in the complaint that subsequent to the

said fire " said Green River Distilling Company, Incorporated, served upon defendant its proofs of loss within the time required by the terms of said policies, which proofs covered the property of the holders of said warehouse receipts, and the plaintiffs held by said Company as warehousemen; " and that on or about the 5th day of April, 1919, the plaintiffs " served upon the defendant notice in writing that said policies of insurance covered whiskies owned by the plaintiffs and that the plaintiffs claimed the right to receive or recover from defendant for value of said whiskies and that plaintiffs forbade payment thereof to the said Green River Distilling Company, Incorporated, the insured named in said policies."

It thus appears that the policies were issued to and in the name of the Green River Distilling Company, Incorporated (hereafter referred to as the distilling company), whose property was covered by the policies together with that of unnamed third parties, who at the time of the alleged fire were the owners of whiskies stored in its warehouses.

It is not disputed that under such policies the owners of the warehouse receipts were beneficiaries as though they were specifically named therein. Nor is there any difference between the parties that circumstances may arise when an unnamed beneficiary may maintain a separate action under a policy issued by an insurance company to recover his loss, without joining therein the party to whom the policy was issued. Thus, where the only interest left in a policy is that of the beneficiary, other interests therein having been adjusted or released, a separate action may be maintained by the beneficiary under the policy.

It seems also to be the settled law that where the person to whom such policies are issued, occupying as he does a trust relationship to others whose property is therein insured, refuses or neglects to assert the rights of the beneficiary, or where the interests of justice would require that the trustee be not permitted to collect or prosecute, then an action is maintainable by the beneficiary by joining the trustee as a party to the action. Illustrations of the rules above mentioned will be found in *Utica Canning Co.* v. *Home Ins. Co.* (132 App. Div. 420) and *Wilson & Co., Inc.,* v. *Hartford Fire Ins. Co.* (190 id. 506; affd., 229 N. Y. 612).

First Department, January, 1922. [Vol. 199

In the instant case, however, it appears that the distilling company had served timely proofs of loss upon the defendant, which covered both its property and that of the holders of the warehouse receipts, who were entitled to the benefits of the insurance; but that the plaintiffs served notice upon the defendant forbidding it to make payments of losses to the distilling company, although no allegations are made that the interests of the plaintiff will be jeopardized or in any manner injuriously affected if the distilling company be permitted to collect the losses payable under the policies for its own benefit and as trustee of holders of warehouse receipts.

The situation that confronts us here is that the distilling company not only is a trustee for the holders of whisky receipts, but is itself interested in the subject-matter of the insurance to the extent of its ownership of property covered therein.

In repudiating the acts of the distilling company looking to the collection of the insurance claims, plaintiffs have assumed the position that they alone are entitled to collect the full amount of the policies in suit to the exclusion of the distilling company. They have ignored the interests of that company under the policies, and arbitrarily relegated it to outstanding policies other than those in suit, upon allegations that the remaining policies are sufficient to cover the losses of the distilling company, and that the insurance companies which issued said policies are abundantly solvent to meet their obligations.

The plea of solvency has scant merit, since it might happen that an insurance company solvent to-day may become insolvent before the day when judgment is entered against it. In *Wilson & Co., Inc.,* v. *Hartford Fire Ins. Co.* (190 App. Div. 506) the court clearly recognized the rule in actions upon policies of insurance of the general character of those outlined herein, that the person to whom the policy is issued stands in the relation of a trustee to others whose property rights are insured therein and is the one who is primarily obligated to bring an action under the policy for all the parties concerned. The court there stated: " It was clearly the intention of the parties to the policy that the loss should be adjusted by and paid to the president to avoid a

multiplicity of claims and actions. It would only be in the case of the refusal of the president to adjust the loss or, having collected, to fail to pay over, that a right of action might arise in the plaintiff. There are no facts stated in this complaint that tend to support such a cause of action. It is alleged that the proofs of loss were presented by the Exchange and that it performed all the terms and conditions of the policy. It does not state whether the defendant paid the president of the Exchange, or refused payment. It does not allege any demand made upon the Exchange or its president, either for payment or that it bring an action. If plaintiff has any right of action, it would be one in equity in which the Exchange and possibly the president would be necessary parties." In that case the policies provided that the loss was payable to the president of the Kansas City Live Stock Exchange, which had no financial interest whatever in the subject-matter of the policies.

In the instant case the distilling company is not only acting in a capacity similar to that of the president of the Kansas City Live Stock Exchange, but in addition has an actual financial interest in the policies of insurance. It seems to me that, in principle, the rule above quoted is peculiarly applicable to the facts in this case.

Each policy is the basis of a single action. This has been expressly held in *Lewis* v. *Guardian Fire & Life Assurance Co.* (181 N. Y. 392) and *O' Neil* v. *Franklin Fire Ins. Co.* (159 App. Div. 313, 317). In the latter case the court said: " Separate actions could not have been maintained by plaintiff and defendant Crimmins to recover separately the amounts payable to each under this policy." (Citing *Lewis* v. *Guardian Fire & Life Assurance Co., supra.*)

It is quite evident that the rule announced in the *Lewis Case* (*supra*) is appropriate here since the plaintiffs and the distilling company have common interests in the enforcement of the policies of insurance.

It is difficult to understand under what rule of law plaintiffs may arbitrarily oust the distilling company from its rights under the policies in suit and compel it to resort to other outstanding policies. If plaintiffs have the right to select the policies upon which they alone can bring suit, then the same

privilege must be accorded the distilling company or any other interest that may be covered by the policies. If such a practice were permitted, it would lead to increased litigation and in many cases to injustice and hopeless confusion.

It is clear that the distilling company is a necessary party. It only remains to determine whether it is a necessary party defendant, or whether it should have been made a party plaintiff. As already pointed out, the plaintiffs in their complaint repudiated the acts of the distilling company in its capacity as trustee, and also ignored that company's financial interests in the policies in suit. The distilling company, having performed its duty as trustee, and no fact being alleged that tends to show that it should not be permitted to act as such trustee, and it not having refused to join with the plaintiffs in its action against the defendant, it cannot now be claimed by plaintiffs that the distilling company is a necessary party defendant.

Section 448 of the Code of Civil Procedure provides: " if the consent of any one, who ought to be joined as a plaintiff, cannot be obtained, he may be made a defendant, the reason therefor being stated in the complaint."

But the distilling company was not asked to consent to join the plaintiffs, hence it follows that it cannot be joined as party defendant. It also necessarily follows from the facts alleged that, since the distilling company has direct interests in the policies in suit, they are necessary parties plaintiff, and hence that the omission to join them as such is a fatal defect in the prosecution of this action.

The order of the Special Term should be reversed, with ten dollars costs and disbursements to appellant, and plaintiffs' motion for judgment on the pleadings should be denied, with ten dollars costs, and defendant's counter-motion for judgment on the pleadings should be granted, with leave to plaintiffs to serve an amended complaint upon payment of taxable costs and disbursements to date.

Order affirmed, with ten dollars costs and disbursements, with leave to defendant within ten days to withdraw demurrer and to answer on payment of said costs and the costs awarded to plaintiffs by the order appealed from.