YORK-BUFFALO MOTOR EXPRESS, INC., Appellant, *v.* NATIONAL FIRE & MARINE INSURANCE COMPANY, Defendant, and RHODE ISLAND INSURANCE COMPANY, Respondent.

Argued April 3, 1945; decided July 19, 1945.

*Norman Winer* for appellant. " Other insurance " clauses are, of course, limitations upon liability, since the policy is for a certain face amount and the clause cuts down or limits that amount. A provision that there should be no " limitation " read into the policy is a provision that there be no such clause. (2 Williston on Contracts [Rev. ed.], pp. 992–994, 1000; Debtor and Creditor Law, § 231 *et seq.;* 4 Joyce on Insrance [3 ed.], p. 4166; *Lucas* v. *Jefferson Insurance Co.,* 6 Cow. 635; *Morrell* v. *Irving Fire Insurance Co.,* 33 N. Y. 429.)

*Fred Flatow* for respondent. The assumption that the indorsement, for some unexplained reason, is a separate and distinct policy is wholly unwarranted.

CONWAY, J. The plaintiff is a common carrier by motor vehicle, engaged in interstate commerce. It insured for the benefit of shippers and/or consignees in Rhode Island Insurance Company, hereinafter referred to as Rhode Island. That policy contained, among others, the following clause:

" Other Insurance

" 9. This insurance is warranted by the Assured to be excess insurance so far as concerns any loss or damage to the extent of any other insurance by whomsoever effected, directly or indirectly covering upon the same property whether concurrent, prior, or subsequent hereto in date."

There was, however, an indorsement upon that policy, as required by the rules and regulations of the Interstate Commerce Commission. (U. S. Code, tit. 49, § 315.) It was known as Form BMC–32. By that indorsement, insurance was provided for loss or damage to property belonging to a shipper or consignee. It provided that Rhode Island should not be liable " for an amount in excess of $2,000, in respect of any loss of or damage to or aggregate of losses or damages of or to the property * * * occurring at any one time and place, nor in any event for an amount in excess of $1,000, in respect of the loss of or damage to such property carried on any one motor vehicle, * * *." It was, in effect, statutory all-risk coverage for a shipper or consignee. The indorsement was not cancelable without cancelation also of the policy to which it was attached and then cancelation of the indorsement could be effected only by a thirty days' notice in writing to the Interstate Commerce Commission at its office in Wash-

ington, D. C., which commenced to run only from the date the notice was actually received at the office of the Commission. Only one indorsement was permitted at one time.

The difficulties which have arisen, resulting in this litigation, were due to the fact that in October, 1941, Rhode Island canceled its policy by giving a five days' notice of cancelation under the policy but failed and neglected to send any notice of cancelation of the policy and indorsement to the Interstate Commerce Commission until February of the following year. Such failure was unknown to plaintiff which, in November, 1941, obtained a binder for similar liability insurance, "Motor Truck-Merchandise-Policy (Truckmen's Form)", from the defendant, National Fire and Marine Insurance Co. (hereinafter referred to as National) in the sum of $15,000. The policy issued by National contained, among others, the following clause: "Other Insurance — If, at the time of loss, there is other insurance by policy, common contract or otherwise, in favor of the Assured herein named, or of the owner or other parties interested in the goods, under which a recovery could be had if this Policy were not in existence, then this Company shall only be liable to pay such part of the said loss as the total amount for which this Company shall be liable on the contents of any one truck shall bear to the total of such insurance."

Then occurred two losses. The first was due to a fire in one of plaintiff's trucks, resulting in damage to cargo in the total amount of $7,490.50. The second was due to a fire resulting in damage to cargo to the extent of $2,345.09.

When plaintiff made its proof of loss to National, the latter refused to pay more than the amount of the losses less $2,000, in view of the continuance of the liability of Rhode Island under Form BMC–32. Thereupon, without the consent of Rhode Island, plaintiff settled with National by taking the total of its two losses less $2,000, and gave releases in which it reserved its rights against Rhode Island. When plaintiff brought suit to recover $2,000 upon the indorsement, Rhode Island counterclaimed on the theory that, by the terms of the indorsement, the plaintiff was required to reimburse it for " any payment that the Company would not have been obligated to make under the provisions of the policy, except for the agreement contained in this endorsement." We shall refer to that counterclaim later. At the conclusion of the trial, the complaint, which sought judg-

ment against Rhode Island and National or either of them for $2,000, was dismissed as to National on the merits and National is not before this court.

Judgment was awarded plaintiff in the sum of $614.72, which is one-sixteenth of the total losses suffered, thus in effect permitting the " Other Insurance " clause of the Rhode Island policy to be read into the indorsement. This appeal presents for our determination the contention of plaintiff that it is entitled to the difference between the sum awarded and the $2,000 claimed, and that involves the solution of several problems.

It seems clear that by the express terms of the indorsement, Form BMC–32, no term of the policy may be read into it, insofar as shippers and consignees are concerned. Insurance indorsements pursuant to United States Code, title 49, section 315, have been so construed. (*Bolta Rubber Co., Inc.*, v. *Lowell Truck. Corp.*, 304 Mass. 426, cert. den. 309 U. S. 690; *Consolidated Shippers* v. *Pacific Employers Ins. Co.* [Dist. Ct. of Apps., 2d Dist., Div. 2, Calif.], 114 Pac 2d 34.) The following is the pertinent language of the indorsement: " Within the limits of liability hereinafter provided it is further understood and agreed that *no condition, provision, stipula-- tion, or limitation contained in the policy,* or any other endorse ment thereon or violation thereof, or of this endorsement by the insured, *shall affect in any way the right of any shipper or consignee, or relieve the Company from liability for the payment of any claim for which the insured may be held legally liable to compensate shippers or consignees,* irrespective of the financial responsibility or lack thereof or insolvency or bankruptcy of the insured. However, all terms, conditions, and limitations in the policy to which this endorsement is attached are to remain in full force and effect as binding between the *insured* and the Company. The insured agrees to reimburse the Company for any payment made by the Company on account of any loss or damage involving a breach of the terms of the policy and for any payment that the Company would not have been obligated to make under the provisions of the policy, except for the agreement contained in this endorsement." (Emphasis supplied.)

In the *Bolta* case (*supra*), the action was brought *by a shipper* against the carrier and the carrier's insurer for the loss of

the shipper's goods through theft. The insurer defended upon the ground that the carrier had breached a condition in the policy (since the Babaco Alarm System on the truck was not set in the " on " position), but the court overruled that contention, pointing out that the conduct of the carrier " did not impair the right of the plaintiff to enforce for its own benefit the obligation of the defendant insurer to the extent of $1,000 and no more, under the indorsement added to the policy in obedience to the rules and regulations of the Interstate Commerce Commission made under the authority of the Motor Carrier Act of 1935 (Act of August 9, 1935, ch. 498, 49 U. S. Sts. at Large, 543, U. S. C. Sup. IV, Title 49, secs. 301–327)."

Plaintiff here is " suing on behalf of and for the benefit of the shippers and/or consignees to whom it is legally liable " and has listed them and their losses in its complaint. One of the provisions of Form BMC–32 is: " In consideration of the premium stated in the policy to which this endorsement is attached, the Company hereby agrees to pay, within the limits of liability hereinafter provided, *any shipper or consignee for all loss of or damage to all property belonging to such shipper or consignee,* and coming into the possession of the insured in connection with its transportation service, for which loss or damage the insured may be held legally liable, * * *." (Emphasis supplied.) Thus the plaintiff is suing as trustee of an express trust for the benefit of the shippers or consignees. (Civ. Prac. Act, § 210; *Wilson & Co., Inc.,* v. *Hartford Fire Insurance Co.,* 190 App. Div. 506, affd. 229 N. Y. 612; *Lewis* v. *Home Insurance Co.,* 199 App. Div. 556, affd. 234 N. Y. 498; *Symmers* v. *Carroll,* 207 N. Y. 632; *Duncan* v. *C. M. Ins. Co.,* 129 N. Y. 237.) The counterclaim of Rhode Island, to which we referred (*supra*), is unavailing. If plaintiff were suing upon its own behalf rather than as trustee of an express trust, a counterclaim for " any payment that the Company would not have been obligated to make under the provisions of the policy, except for the agreement contained in this endorsement " might well be a good one. It may not be made against plaintiff in its capacity as trustee. (*City Bank Farmers Trust Co. as trustee* v. *Silverberg,* 280 N. Y. 424.)

Since plaintiff is seeking to recover as trustee and since the " Other Insurance " clause may not be read into the indorse-

ment, it is clear that plaintiff may hold Rhode Island for the losses up to $2,000. (Joyce on the Law of Insurance [2d ed., 1918], p. 4166; *Lucas* v. *Jefferson Ins. Co.*, 6 Cow. 635, 637; *Morrell* v. *Irving Fire Insurance Co.*, 33 N. Y. 429, 430.)

In Joyce on the Law of Insurance (*supra*), it is stated: "Most policies of fire insurance contain a clause providing that the insurer shall not be liable for any greater proportion of any loss which may occur than the amount named in the policy shall bear to the entire amount of insurance upon the property \* \* \*. If there are several such policies and the loss does not equal the full amount of all the policies, the measure of damages against each insurer is the proportion of the loss which the amount of insurance in the policy sued upon bears to the whole insurance. By inserting this clause the insurer limits the amount of recovery upon that particular policy to the proportionate amount which that policy bears to the entire amount of the policies. *In the absence of such a clause, the insured could recover the whole amount from any one of the insurers, and leave him to obtain contribution from the other insurers.*" (Emphasis supplied).

In *Lucas* v. *Jefferson Ins. Co.* (*supra*, p. 637), it was stated: "It is well settled, that upon a double insurance, though the insured is not entitled to two satisfactions, yet in the first action, he may recover the whole sum insured, leaving the defendant to recover a rateable satisfaction from the other insurers (1 Bl Rep. 416)."

In *Morrell* v. *Irving Fire Insurance Co.* (*supra*, p. 455), it was said: "In my opinion, the insured, in a case like the present, may have his action against both insurers jointly, or against either separately, and recover his full damages for the breach of the building contract, and leave the two insurers to an adjustment of their rights between themselves according to well settled rules of law applicable to different insurers of the same property."

The judgments should be reversed and judgment directed in favor of the plaintiff in the sum of $2,000, with interest, and costs in all courts.

LEHMAN, Ch. J., LOUGHRAN, LEWIS, DESMOND, THACHER and DYE, JJ., concur.

Judgment accordingly.