Horace J. Fairchild et al., Appellants, *v.* The Liverpool and London Fire and Life Insurance Company, Respondent.

Defendant issued to plaintiffs a floating policy of insurance upon merchandise in any of the warehouses and while *in transitu* in any of the streets of New York, Brooklyn and Jersey City, subject to a condition in substance, that the policy should not extend to cover goods upon which there was any specific insurances, except as far as relates to any excess of value beyond the amount of such specific insurances, which excess was declared under the protection of the policy. A fire occurred in a warehouse wherein plaintiffs had merchandise to the amount of $386,026, covered by specific insurances to the amount of $324,000; the amount of the loss was $274,192.46. *Held*, that the intent of the condition was to throw the loss upon the specific insurances unless it exceeded them in amount, and as the specific insurances exceeded the value of the goods destroyed, the interest insured by the policy was not affected and defendant was not liable to contribute any portion of the loss.

(Argued May 8, 1872; decided September term, 1872.)

Appeal from judgment of the General Term of the Supreme Court in the first judicial district, affirming a judgment entered upon an order at the circuit, dismissing the complaint and affirming an order denying a motion for a new trial. (Reported below, 48 Barb., 420.)

The action was upon a policy of insurance against loss by fire issued by the defendant, by which the plaintiffs, who composed the mercantile firm of Fairchild & Fanshaw, in the city of New York, were insured in the sum of $20,000 on " merchandise hazardous, not hazardous and extra hazardous, owned or held by them in trust or on commission, or on joint account with others, or sold, but not delivered," against loss

or damage by fire for one year, upon merchandise "in all or any of the brick or stone warehouses, and while *in transitu* in or on any of the streets, yards or wharves of the cities of New York, Brooklyn and Jersey City.

In the body of the policy, following the description of the property, are the words, "subject to average clause annexed."

The only "conditions and stipulations" indorsed on the policy bearing on any question in this case were the following:

"XIII.—That in all cases of insurance, this company shall be liable for such ratable proportion only of the loss or damage, happening to the subject insured, as the amount insured by this company shall bear to the whole amount insured thereon, without reference to the dates of the different policies, or the insolvency of any or all the other insurance companies."

And the following:

## "CONDITIONS OF AVERAGE.

"It is hereby declared and agreed, that in case the property aforesaid in all the buildings, places or limits included in this insurance shall, at the breaking out of any fire or fires, be collectively of greater value than the sum insured, then this company shall pay and make good to the insured such a proportion only of the loss or damage as the sum insured shall bear to the whole value of the property aforesaid at the time when such fire or fires shall first happen.

"But it is at the same time declared and agreed, that if any specific parcel of goods included in the terms of this policy, or such goods in any specified building or buildings, place or places, within the limits of this insurance, shall, at the time of any fire, be insured in this or any other office, this policy shall not extend to cover the same, excepting only as far as relates to any excess of value beyond the amount of such specific insurance or insurances, which said excess is declared to be under the protection of this policy and subject to average as aforesaid."

During the life of the policy, on January 16, 1864, a fire

occurred which destroyed merchandise of the plaintiffs, in a warehouse No. 146 Duane street, in the city of New York, of the value of $274,192.46.

At the time of the fire the plaintiffs had goods in the following stores, insured as follows :

| | | | |
|---|---|---|---|
| 1. No. 5 West street | | | $134,600 |
| Specific insurance | | | 144,500 |
| No. 8 Washington street | | | 57,600 |
| Specific insurance | | $65,000 | |
| Nos. 114 and 116 Washington street, | | | 61,040 |
| Specific insurance | | 63,000 | |
| Nos. 102 and 104 Greenwich street, | | | 89,845 |
| Specific insurance | | 95,000 | |
| 2. In Cunard's wharf, Jersey City | | | $7,777 |
| (No specific insurance.) | | | |
| 3. In public store, Broadway | | $7,572 | |
| Specific insurance | | 2,000 | |
| | | | 5,572 |
| 1. In 146 Duane street | | $386,026 | |
| Specific insurance | | 324,000 | |
| | | | 62,026 |
| Making an excess of property over specific insurance | | | $75,375 |

After the fire the plaintiffs presented proofs of loss, but the defendant refused to recognize any liability.

The only question upon the trial was as to the construction of the policy. At the close of the evidence the defendant moved to dismiss the complaint, upon the ground that the amount of the loss on the merchandise in the store in question being less than the amount of the specific insurances, that is, insurances upon specified goods, or goods in specified places, the defendant was not liable for any portion thereof.

The plaintiffs contended, in opposition, that the defendant

having expressly insured the goods in said store to the extent of the "excess in value" over the amount of the specific insurances, which said excess was declared to be under the protection of the policy in question, was bound to make good to the insured, in accordance with its "conditions of average," the loss which had befallen such "excess of value," according to its due proportion.

The court thereupon granted the said motion, and directed the complaint to be dismissed, and the plaintiffs' counsel excepted.

*Wm. Allen Butler* for the appellants.   Defendant is not exempt, under the contract, from bearing its just proportion of the loss. (*Springfield F. & M. Ins. Co.* v. *Allen*, 45 N. Y., 389, 394.)

*Samuel E. Lyon* for the respondent.   Any ambiguity in the contract will be determined by the intention and understanding of the parties in making it.   (2 Parsons on Contracts, 6, 10, 11; 2 Kent's Com., 718; Willis, 332; Addison on Contracts, 804, 850; *Blossom* v. *Griffin*, 13 N. Y., 569.)

EARL, C.   The sole question to be determined in this case is whether the policy sued on covered any interest affected by the fire.   If it did, then the defendant is bound to contribute to the loss; if it did not, then it is exempt from liability.   This question depends upon the construction of the policy, and in its solution, as we cannot have the aid and guidance of any prior adjudications (as none have been found bearing upon the question), we must seek for the intention of the parties, making use of the rules and canons of construction and interpretation which have been recognized by the courts as useful and proper helps in such cases.   If the language used by parties be free from ambiguity, their intention must be sought in the language; but if it be ambiguous, then the surrounding circumstances, the situation of the parties, and the objects intended to be accomplished, may all

be considered, and the language read in the light which they reflect.

This is what is called a floating policy, intended to cover property or value which cannot well be covered by specific insurance from the circumstance that it is changing in quantity or location. The ordinary purpose of such a policy is to supplement specific insurances and to cover values not covered by them. Here the plaintiffs' property would sometimes be in one warehouse and sometimes in another, and sometimes on wharves or *in transitu* over the streets, and sometimes above the specific insurances and sometimes under them in value. Hence, the necessity for this floating policy to attach to the property wherever it might be, and in all cases when it happened to exceed the specific insurances.

Insurance is matter of contract, and the parties to it can specify what property, value or interest it shall in any case cover. It may cover the whole property or any specified interest or value in it. It may indemnify against loss generally or loss above a certain sum or percentage.

This insurance was upon merchandise described and located in the policy, but subject to the average clause, which provided that if the merchandise should at the time of any fire be insured by any specific insurance, then "this policy shall not extend to cover the same, excepting only as far as relates to any excess of value beyond the amount of such specific insurance or insurances, which said excess is declared to be under the protection of this policy." It was thus provided, that if at the time of any fire there should be any specific insurance upon the merchandise, this policy should not cover the same, but should then attach to and protect only that portion of the value of the same which was in excess of the specific insurance. In that event it was such excess or value alone which was intended to be insured, and in case of fire the whole loss was intended to be thrown upon the specific insurances, unless it exceeded the amount of them, and then the excess was intended to fall upon the floating policy.

Here the specific insurances far exceeded in amount the

value of the goods destroyed, and hence the loss did not reach the interest insured by the floating policy, and therefore, I can perceive no rule of law or principle of justice which requires the insurers by this policy to contribute any portion of the loss.

The judgment should be affirmed with costs.

All concur.

Judgment affirmed.