FARMERS' FEED COMPANY OF NEW JERSEY, Respondent, v. SCOTTISH UNION AND NATIONAL INSURANCE COMPANY OF EDINBURGH, Appellant.

1. INSURANCE (FIRE) — APPORTIONMENT OF LOSS — DEFINITION OF TERM "WHOLE INSURANCE." The words "whole insurance," as used in an apportionment clause of a fire insurance policy providing that the company shall not be liable for a greater proportion of any loss than the amount insured by its policy should bear to the whole insurance on the property, means the face value of the policy together with the face value of all policies issued by other insurers upon the same property, and for the purpose of apportioning a loss, all other insurance is to be included, whether made by another company alone or by a contract between it and the insured by which in case of a partial loss each stands part as a co-insurer.

2. PERCENTAGE CO-INSURANCE — FACE VALUE OF ALL POLICIES ON SAME PROPERTY CONSTITUTES THE WHOLE INSURANCE. Where the insured subsequently procures policies upon the same property in other companies, which provide for the payment to him of not exceeding a specified sum in case of a total loss, or in case the loss is partial and his insurance amounts to eighty per cent of the cash value of the property, but he agrees that if both loss and insurance are each less than eighty per cent to take less than the amount of his loss, if a loss occurs, and the loss and insurance are each less than eighty per cent, the whole amount of insurance effected by the policies is not the amount of insurance assumed by

16

such companies under the circumstances, but is the largest sum which under any circumstances they can be required to pay, and in such case the insured becomes a co-insurer for the difference between that amount and the face value of the policies ; the fact that the whole amount of insurance upon the property is in excess of his loss does not entitle him to full indemnity since the loss and the insurance being less than eighty per cent of the cash value, by the additional policies, he agreed to stand part of it himself, and the amount of his share of the loss should be included in apportioning the loss of the prior company.

3. METHOD OF APPORTIONMENT. Where, upon the submission of a controversy, it appears that the defendant insured plaintiff's property to an amount not exceeding $60,000, which amount was subsequently reduced to $42,500, the policy containing the usual apportionment clause; that subsequently he procured additional insurance from other companies to an amount not exceeding $17,500 in all; that each of the policies issued by such companies, in addition to an apportionment clause, contained a percentage co-insurance clause as follows: " In consideration of the premium for which this policy is issued it is expressly stipulated that in the event of loss this company shall be liable for no greater proportion thereof than the sum hereby insured bears to 80 per cent of the cash value of the property described herein at the time when such loss shall happen, nor more than the proportion which this policy bears to the total insurance; " that a loss occurred appraised at $45,321.18; that at the time of the loss the cash value of the property was $124,660 — the " whole insurance " effected by the additional policies is $17,500, not $7,952.84, the amount of the insurance assumed by the other companies as determined by the following proportion: As 80 per cent of the cash value, $99,728 : $17,500 :: $45,321.18 : the amount required, the plaintiff becoming a co-insurer for the difference; the defendant's liability under its apportionment clause is not

$$\frac{42,500}{50,452.84 \ (\$42,500 + \$7,952.84)} \times 45,321.18 = \$38,177.26$$

thus giving no effect to the amount of insurance assumed by the plaintiff as co-insurer, but is $\dfrac{\$42,500}{\$60,000} \times \$45,321.18 = \$32,102.50$, the balance of the loss being chargeable to the plaintiff and the other companies.

*Farmers' Feed Co.* v. *Scottish Union & Nat. Ins. Co.*, 65 App. Div. 70, reversed.

(Argued December 3, 1902; decided January 13, 1903.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered November 20, 1901, in favor of plaintiff upon the submission of a controversy under section 1279 of the Code of Civil Procedure.

The nature of the controversy and the facts, so far as material, are stated in the opinion.

*Michael H. Cardozo* and *Edgar J. Nathan* for appellant. In determining the defendant's share of the loss, under the provision for its apportionment among the several insurers, the amount of the "whole insurance" must be computed without reference to the co-insurance clauses in the other policies. (*Chesborough* v. *H. Ins. Co.*, 61 Mich. 333.) In view of the appraisal clause of the standard policy, the proper use of the contribution clause requires the construction contended for by the defendant. (*C. Ins. Co.* v. *A. Ins. Co.*, 138 N. Y. 16.)

*Martin Paskusz, Henry L. Cohen* and *William S. Gordon* for respondent. The amount of insurance carried by plaintiff at the time of the loss being in excess of the appraised loss, the plaintiff is entitled to full indemnity and should by no construction of the defendant's policy be considered a co-insurer with the defendant. (*Matthews* v. *A. C. Ins. Co.*, 154 N. Y. 449; *Janneck* v. *M. L. Ins. Co.*, 162 N. Y. 574; *Kratzenstein* v. *W. Assur. Co.*, 116 N. Y. 59; *Allen* v. *St. L. Ins. Co.*, 85 N. Y. 473; *Herman* v. *M. Ins. Co.*, 81 N. Y. 184; *Michael* v. *P. Nat. Ins. Co.*, 171 N. Y. 25; *Matthews* v. *A. C. Ins. Co.*, 154 N. Y. 456; *A. C. & I. Co.* v. *Wood*, 73 Fed. Repr. 81; May on Ins. [4th ed.] § 435; *Sherman* v. *M. Ins. Co.*, 39 Wis. 104; *R. Ins. Co.* v. *Roedel*, 78 Penn. St. 19.)

VANN, J. This controversy was submitted upon an agreed statement of the facts, which, so far as material to the appeal, are as follows:

In May, 1898, the defendant, by a policy of the standard form, insured certain buildings belonging to the plaintiff in the city of New York against loss by fire for the term of three years from the 23rd of May, 1898, "to an amount not exceeding $60,000." On the 14th of June, 1900, such insur-

ance to the amount of $17,500 was canceled by mutual consent, leaving a balance of $42,500 still in force. The policy contained an apportionment clause which provided that "this company shall not be liable under this policy for a greater proportion of any loss on the described property   *   *   * than the amount hereby insured shall bear to the whole insurance, whether valid or not, or by solvent or insolvent insurers, covering such property,   *   *   *."

On the 5th of June, 1900, the plaintiff procured other insurance on the same property "to an amount not exceeding $5,000" in each of the following companies: The Springfield Fire and Marine Insurance Company, The Providence Washington Insurance Company, and the Westchester Fire Insurance Company, and "to an amount not exceeding $2,500" in the Insurance Company of the State of Pennsylvania, making $17,500 as the maximum amount for which these four companies could in any event become liable. Each of these policies contained a paragraph headed: "Percentage Co-Insurance Clause," of which the following is a copy: "In consideration of the premium for which this policy is issued it is expressly stipulated that in the event of loss this company shall be liable for no greater proportion thereof than the sum hereby insured bears to 80 per cent. of the cash value of the property described herein at the time when such loss shall happen; nor more than the proportion which this policy bears to the total insurance."

On the first of July, 1900, a fire occurred by which the property insured, the cash value of which was $124,660, was damaged to the amount of $45,321.18, as ascertained by an appraisal duly had.

The plaintiff claims that the amount due from the defendant under its policy, "by reason of the fire loss," was $38,177.26, while the defendant claims that such amount was but $32,102.50, which it has paid to the plaintiff under an agreement that such payment should be without prejudice. The Appellate Division rendered judgment in favor of the plaintiff for the difference between these sums, amounting

to $6,074.76, with interest thereon from November 28th, 1900.

The decision of the controversy turns on the meaning of the words " whole insurance," as used in the apportionment clause of the defendant's policy. It was there provided that the defendant should not be liable for a greater proportion of any loss than the amount insured by its policy should bear to the whole insurance on the property. There is no disagreement as to the amount of insurance made by the defendant's policy which was absolute, but the controversy. is over the amount made by the four other policies which were not absolute, owing to the co-insurance clause. The defendant claims that the whole insurance was $60,000, comprising the $42,500 made by its own policy and $17,500, or the greatest sum for which in any event the four companies could become liable, and that the plaintiff was a co-insurer to the extent of the difference between the amount for which they are liable and the maximum amount for which they might be liable. This would reduce the indemnity furnished by the defendant's policy from $38,177.26, the amount claimed by the plaintiff, to $32,102.50, the amount paid by the defendant.

The plaintiff claims and the Appellate Division held that, under the circumstances, " the amount of insurance effected by the four policies is identical with the amount of the loss, and that the extent of that insurance could not be ascertained until after a loss, for the insurance was to an amount not exceeding a stipulated sum and was, therefore, indefinite." This conclusion gives no force to the apportionment clause in the defendant's policy when construed in connection with the co-insurance clause of the other policies. Moreover, all five insurance policies, including that issued by the defendant, are indefinite in the same way, for they all make insurance to an amount not exceeding a sum named which is usually regarded as the amount of insurance effected.

The four companies stipulated that they should " be liable for no greater proportion " of the loss, which was $45,321.18, " than the sum hereby insured," or $17,500, " bears to 80 per

cent. of the cash value of the property," which was $99,728. Their liability, therefore, is represented by the following proportion : As $99,728 is to $17,500, so is $45,321.18 to the amount required, or $7,952.84.   Was this "the whole insurance " effected by the four policies containing the co-insurance clause ?   If so, that clause has no effect in this case.   We think it was not, for if the loss had been greater, the amount called for by the policies would have been greater also, and yet it could not have exceeded the amount of the insurance. The largest sum which in any event can be collected under a policy, and not the smaller sum which may be collected under special circumstances, is the amount of insurance effected by the policy.   There is no limit to the possible liability under the four policies, except the amount that the companies stipulated it should not exceed, aggregating $17,500, which they would have been obliged to pay if the loss had been total. Under an open policy if the loss is less than the insurance, the former measures the liability ; but if the loss is greater than the insurance, the latter measures the liability, yet in either event the amount of insurance is the same.   The amount of the insurance, therefore, is the largest sum that the company, under any circumstances, according to the terms of the policy, can be required to pay.   This is the popular understanding as well as the legal definition.   The test is what is the extent of the indemnity furnished under any possible circumstances ?   The insurance effected by the four policies was for a proportion of the cash value of the property less 20 per cent, which can always be represented by a fraction, the numerator being unchangeable, while the denominator may vary from time to time.   The numerator is the highest amount which the companies could be required to pay, while the denominator is 80 per cent of the cash value of the property.   The amount of the insurance does not vary, but the cash value of the property is subject to change, still that change does not reduce the amount of insurance.   The fact that the owner ran his own risk, or became his own insurer as to the 20 per cent of the cash value of the property, did not lessen the amount of

insurance, because if the loss had been total the whole
$17,500 would have been due upon the four policies. Thus·
the effect of the co-insurance clause is that if the property is
insured to 80 per cent of its value, or more, in case of a total
loss the whole sum insured becomes due, but with insurance
for less than 80 per cent of the value and a loss also of less
than 80 per cent, the owner becomes, in effect, a co-insurer
proportionately. He could have procured insurance to 80
per cent of the value, but not having done so he became his
own insurer *pro tanto*. This accords with the way the clause
is characterized in the policies, for it is entitled "Percentage
Co-Insurance Clause," which means insurance by the com-
pany and the owner, depending upon the percentage or pro-
portion which the insurance bears to the value. The object
is through lower premiums to induce the owner either to take
out insurance to 80 per cent of value, or to become a
co insurer with less risk to the company in case of a loss fall-
ing below such percentage of value. Where either the loss
or the insurance equals or exceeds 80 per cent of value, the
clause has no effect, but when both are less, the insured and
the insurer bear the loss in certain proportions. The amount
of insurance is not the variable factor, but the amount of loss.
The amount of insurance is at all times the same, but when
the loss is partial the insurer stands only a part, unless the
insurance is for the full percentage, whereas if the loss is total
the insurer stands all, not exceeding the limit stated in the
policy. That limit is the amount of insurance made by the
policy, because the company may be required to pay to that
extent.

The words of the co-insurance clause, viz., "the sum hereby
insured," indicate the amount of insurance. That sum is
fixed, definite and always the same. It should not be con-
founded with the actual liability under special circumstances,
for all open policies are necessarily indefinite as to the sum to
be paid until the amount of the loss is known. The liability
can never exceed the value of the property, but the insurance
may, for a house worth but $1,000 may be insured for

$2,000.   If thus insured by two companies, one-half in each, and the property was wholly destroyed by fire, neither would have to pay $1,000, the amount of its policy, but only $500, the amount of its liability, owing to the apportionment clause. This would be true of a standard policy even if one of the companies was insolvent, so that the insured, by taking out other insurance, may reduce his security while intending to increase it.   In the case before us the plaintiff, by procuring the four policies, reduced his security in the event of a partial loss, but increased it in the event of a total loss.   For the purpose of apportionment, the face value of the policies should be resorted to, regardless of the cash value of the property, and thus the whole amount of the insurance can be ascertained by a simple inspection of the policies.   The face value of a policy is not reduced by the actual value of the property or by the duty of apportioning the loss, or by the effect of a co-insurance clause in another policy on the same property.   The amount of insurance is fixed at the inception of the policy, but the amount of liability is not fixed until a loss has occurred.   The one depends upon the sum for which the policy is written, but the other depends upon a number of contingencies which may or may not happen, and hence cannot be known in advance.   The fact that they are not known and may never come into existence does not affect the amount of the policy.

The question involved is new and we are without controlling authorities to guide us, but the discussion of a subject somewhat related in a recent case has aided us in reaching the conclusion announced.   (*Continental Ins. Co.* v. *Ætna Ins. Co.*, 138 N. Y. 16, 21.)

It may be asked why, if the whole insurance was $60,000, the plaintiff is not entitled to recover his entire loss, which was but $45,321.18, and the answer is that he agreed in a certain contingency to stand part of the loss himself.   He accepted four policies which provided for the payment to him of not exceeding $17,500 in case of a total loss, or in case the loss was partial and his insurance amounted to 80 per cent of

the cash value, but he agreed that if both loss and insurance were each less than the 80 per cent to take less than the amount of his loss, and thus became a co-insurer for the difference. The defendant, pursuant to its apportionment clause, is entitled to the benefit of all other insurance, whether made by another company alone, or by a contract between another company and the insured, by which, in case of partial loss, each stands part as a co-insurer.

We think that the "whole insurance" was $60,000, the face value of all the policies, and that the judgment appealed from should, therefore, be reversed and judgment ordered for defendant, on the merits, with costs.

PARKER, Ch. J., GRAY, O'BRIEN, MARTIN, CULLEN and WERNER, JJ., concur.

Judgment reversed, etc.