(116 App. Div. 723)

### KLOTZ TAILORING CO. v. EASTERN FIRE INS. CO.

(Supreme Court, Appellate Division, Second Department. January 11, 1907.)

INSURANCE—FIRE POLICY—CONSTRUCTION.

    A fire policy provided that the insurer should not be liable for a greater proportion of any loss than the amount insured by the policy bore to the "whole insurance," whether valid or not, "covering such property," etc. *Held*, that a floating insurance policy covering plaintiff's injured goods, but providing that the policy should not cover in whole or in part any merchandise on which there might be at the time specific insurance, excepting on the excess of value over and above such specific insurance, when such specific insurance was exhausted, did not cover the goods insured by the first policy, and was not to be considered in determining the "whole insurance" on the property at the time of the loss.

    [Ed. Note.—For cases in point, see Cent. Dig. vol. 28, Insurance, § 1285.]

Submission of controversy on agreed statement of facts by Klotz Tailoring Company against the Eastern Fire Insurance Company. Judgment for plaintiff.

Argued before HIRSCHBERG, P. J., and JENKS, HOOKER, GAYNOR, and MILLER, JJ.

Adolph Feldblum, for plaintiff.
Solomon J. Rosenblum, for defendant.

HOOKER, J. This controversy is submitted upon an agreed statement of facts, which, so far as material, is as follows:

Prior to March 24, 1905, plaintiff's merchandise and other supplies at certain premises in Columbus, Ohio, were insured against loss by the defendant to the amount of $932.05. On that day they were wholly destroyed by fire, and were at that time worth the sum of $12,833.79, in which sum plaintiff suffered loss by reason of the fire. The policy issued by the defendant was in the New York standard form provided for by section 121 of the insurance law (chapter 488, p. 720, Laws 1886, as amended by Laws 1892, p. 1980, c. 690); the only clause of which bearing upon this case provides as follows:

"This company shall not be liable under this policy for a greater proportion of any loss on the described property, or for loss by and expense of removal from premises endangered by fire, than the amount hereby insured shall bear to the whole insurance, whether valid or not, or by solvent or insolvent insurers, covering such property, and the extent of the application of the insurance under this policy, or of the contribution to be made by this company

in case of loss, may be provided for by agreement or condition written hereon or attached or appended hereto."

In addition to the amount of insurance carried with the defendant, the plaintiff at the time of the fire had insurance to the amount of $7,160.25 upon the goods and merchandise destroyed, and had, furthermore, a policy of insurance in the Globe & Rutgers Insurance Company for $50,000, covering goods and merchandise of the plaintiff while contained in any building or premises or yards or streets adjoining the same or while in transit in the United States. The policy of the Globe Company contained this provision:

"It is understood and agreed that this company shall be liable under this policy for an amount not exceeding $10,000 in any one fire. This policy does not cover in whole or in part any merchandise on which there may be at the time specific insurance, excepting on the excess of value over and above such specific insurance, when such specific insurance is exhausted."

The plaintiff claims from the defendant the full amount of its policy, $932.05, but the defendant has refused to pay any part thereof, except the sum of $583.87, which was paid by it and accepted by plaintiff, without prejudice, and the plaintiff claims to be entitled to the balance of $348.18.

To maintain its contention the defendant relies upon the provision of the policy issued by it, quoted above, and claims that by reason thereof it is not liable for a greater proportion of the loss than the amount of its policy bears to the whole insurance covering the plaintiff's property, and that the term "whole insurance" is meant to and does include the insurance provided for in the policy issued by the Globe Company. It asserts that this, the whole insurance, is made up of, first, the defendant's policy, $932.05; second, other specific insurance, $7,160.25; and, third, the floating insurance, or that issued by the Globe Company, $10,000—making in all $18,092.30, and that the defendant is liable only for the proportion of the total loss that the amount of its policy, $932.05, bears to what it claims to be the whole insurance of $18,092.30, or $583.87, which it has already paid. It will be seen, therefore, that the question presented by this submission is the interpretation of the words "whole insurance," used in the clause of the defendant's policy. The words of the policy are "whole insurance covering such property." The words of the Globe Company's policy are:

"This policy does not cover in whole or in part any merchandise on which there may be at the time specific insurance, excepting on the excess of value over and above such specific insurance, when such specific insurance is exhausted."

Fairchild v. Liverpool & London F. & L. Ins. Co., 51 N. Y. 65, was an action on a so-called floating policy which provided that, if any specific goods included in the terms of the policy shall at the time of the fire be insured in this or any other office, this policy shall not extend to cover the same, excepting only so far as relates to any excessive value beyond the amount of such specific insurance or which said excess is declared to be under the protection of this policy. The property destroyed was of the value of $386,026, the specific insurances

amounted to $324,000, and the total amount of the loss was $274,000. In sustaining an order affirming a judgment dismissing the complaint upon the merits, on the ground that it was not intended that the defendant should be liable for any sum so long as the specific insurances covered the loss, the Commission of Appeals said:

"Insurance is matter of contract, and the parties to it can specify what property, value, or interest it shall in any case cover. It may cover the whole property or any specified interest or value in it. It may indemnify against loss generally or loss above a certain sum or percentage."

It was said, also, that by virtue of the terms of the policy sued upon, if at the time of the fire there should be any specific insurance upon merchandise, this policy should not cover the same, but should then attach to and protect only that portion of the value of the same which was in excess of the specific insurance. In the light of the Fairchild Case, therefore, there seems to be no doubt of the exact meaning and effect of the provision contained in the Globe Company's policy. By its terms it did not cover or protect any of the property affected by the defendant's policy of insurance; that is, it did not and could not affect any part of such property which was fully covered by defendant's policy, and failed to reach that interest in the property which was covered by defendant's policy. In this view, the Globe policy did not in any wise affect the interest in the property which was destroyed, covered by the defendant's policy and the other specific insurances; and the "whole insurance," referring only to the property that was covered by the defendant's policy, does not include the floating insurance, that issued by the Globe Company, for it covered other property.

Farmers' Feed Co. v. Scottish Union Ins. Co., 173 N. Y. 241, 65 N. E. 1105, is not in point. That case defined what "whole insurance" was in cases where all of the policies affected and protected the same property. Here the specific insurances protect one property and the floating insurance another.

The plaintiff, therefore, should have judgment for the sum of $348.18, with interest from June 28, 1905, but without costs, as provided in the stipulation. All concur.