TREMONT WOODWORKING COMPANY, INC., Plaintiff, *v.* STATE ASSURANCE COMPANY, LIMITED, OF ENGLAND, Defendant.

Municipal Court of the City of New York, Borough of Manhattan, First District, November 6, 1924.

**Insurance — fire insurance — partial loss — insured carried $7,500 in blanket insurance and policy of $5,000 on machinery and fixtures — no coinsurance clause — liability of insurer carrying specific insurance on machinery and fixtures on partial loss is represented by fraction whose numerator is face of policy and denominator total sound value of machinery and fixtures — amount paid by insurer will be credited.**

The liability of an insurer on a fire insurance policy for $5,000, which covers specifically the machinery and fixtures of the insured, is, on a partial loss where the insured also has blanket policies amounting to $7,500 covering not only machinery and fixtures but stock in trade, represented by a fraction whose

**314** Tremont Woodworking Co., Inc., *v.* State Assur. Co., Ltd.

Municipal Court of New York, November, 1924. [Vol. 124

numerator is the face of the policy and whose denominator is the total sound value of the machinery and fixtures.

Accordingly, the liability of the insurer in this action is ten-elevenths of the amount of the loss on the machinery and fixtures since the total sound value of the machinery and fixtures is $5,500 and the policy in suit is $5,000.

The insurer is entitled to a credit for the amount already paid on account of the loss.

Action on a fire insurance policy specifically covering machinery and fixtures.

*Greco & Strizver*, for the plaintiff.

*Thomas F. Peterson*, for the defendant.

Prince, J.:

This is an action brought by the plaintiff against the defendant on a policy of fire insurance, in the sum of $5,000 specifically covering machinery and fixtures, the property of the plaintiff, in the premises of the plaintiff. This matter was submitted to me upon an agreed statement of facts, by which, of course, I am bound.

The only question submitted to the court is what proportion of the loss the defendant is obliged to pay under the terms and provisions of its policy of insurance, controlled, of course, by the agreed statement of facts. At the time of the fire the plaintiff had existing policies of insurance, known as blanket policies, covering stock and machinery and fixtures, in the sum of $7,500, divided among four companies other than the defendant. This insurance, in addition to the defendant's policy of $5,000, made a total of insurance of $12,500.

The fire partially damaged both the stock and machinery and fixtures. The sound value of the stock was agreed upon as the sum of $7,510.15, and the sound value of the machinery and fixtures was agreed upon as the sum of $5,500, making a total sound value of $13,010.15. The total amount of insurance was, therefore, slightly in excess of the sound value of the property. The damage to the stock was agreed upon as $1,352.32, and the damage to the machinery and fixtures was agreed upon as the sum of $877.10.

Counsel for the plaintiff called to the attention of the court that the defendant is entitled to a credit of $139.28 for a payment already made to the plaintiff on account of the damage to the machinery and fixtures, which fact will be taken into consideration in determining this matter. There has been set forth in the agreed statement of facts a certain clause of the defendant's policy of insurance relating to contribution of other insurance.

The question involved in this controversy is not a simple one, and, surprising as it may be, in view of the many times that a

Tremont Woodworking Co., Inc., v. State Assur. Co., Ltd.  **315**

Misc. 313]      Municipal Court of New York, November, 1924.

similar situation must have arisen, there are comparatively few judicial decisions upon the precise question involved. I have examined the various opinions, not only in this jurisdiction, but in other States, among which were those of Kentucky, Connecticut, Massachusetts, Pennsylvania and New Jersey. There does not seem to have been laid down any hard and fast rule, so that a standard of comparison or computation can be made by the judge before whom the particular point involved was raised, and to have limited his decision strictly to that case.

The defendant's counsel has sought to apply to the facts in the case before me the rule known as the " Cromie rule," taken from the case of *Cromie* v. *Kentucky & Louisville Mutal Insurance Co.* (15 B. Mon. [54 Ky.] [1854] 432), and claims that the limit of liability of the defendant in this case is the sum of $393.40. If the Cromie rule was the fair rule to adopt, it would work out as I am about to indicate.

The following is a tabulation showing the division of insurance and payment on stock and machinery and fixtures:

| Company | Stock | | Machinery and fixtures | |
|---|---|---|---|---|
| | Insures on item | Pays on item | Insures on item | Pays on item |
| Fire Association (blanket) | $3,750 00 | $676 16 | $3,073 84 | $241 85 |
| Hartford (blanket) | 1,250 00 | 225 39 | 1,024 61 | 80 62 |
| Newark (blanket) | 1,500 00 | 270 46 | 1,229 54 | 96 74 |
| Royal (blanket) | 1,000 00 | 180 31 | 819 69 | 64 49 |
| State Assurance (specific on M. and F.) | ......... | ......... | 5,000 00 | 393 40 |
| | $7,500 00 | $1,352 32 | $11,147 68 | $877 10 |

Under this rule, insurance would be divided, so that there would be applicable to machinery and fixtures $11,147.68 of a total insurance of $12,500, and, as the defendant's counsel contends, the defendant in the above-entitled action would only be liable to the proportion of $\frac{5,000}{12,500}$ or two-fifths of the loss on machinery and fixtures; that is, two-fifths of a loss of $877.10, amounting to $350.84. Such a conclusion seems to the court to be inequitable, and it is clearly not what the parties to the contract of insurance intended.

I have read the various cases cited on the brief of the defendant's counsel. There were no authorities cited by counsel for the plaintiff. It is my opinion that the theory of the defendant

**316** Tremont Woodworking Co., Inc., *v.* State Assur. Co., Ltd.

Municipal Court of New York, November, 1924.  [Vol. 124

works out injustice to the plaintiff in this action. I am inclined to follow the principles which I worked out from the decision, which I have found upon my search in regard to the law, of *Buse* v. *National Ben Franklin Ins. Co.* (96 Misc. 229). This case was affirmed without opinion (177 App. Div. 948), and upon further appeal to the Court of Appeals was affirmed without opinion (226 N. Y. 589).

I cannot find that this decision has ever been overruled in this State, nor that the rules laid down therein have ever been modified. In the *Buse* case the court worked out the amount of contributing insurance mostly on the question of what is known as the coinsurance clause, which is absent from the case at bar, according to the agreed statement of facts. Herewith follow certain extracts from the *Buse* case, which I deem applicable to the facts of this case. The court said (at pp. 233, 234): " The parties may not know the actual value of the property at the time it is insured, and therefore agree upon an arbitrary sum as its value rather than go to the trouble and expense of making an accurate appraisal of the property. Or it may be that the value of the property may undergo change, and increase during the term of the policy; and when a loss occurs, and the sound value of the property is determined at that time, it may turn out that the actual value was considerably in excess of the arbitrary value fixed in the policy. Then by the terms of the policy the insured becomes liable for his proportion of the risk, to wit, the amount of such excess. Where the loss is total the problem is simple; the company pays the total amount of the insurance and the insured bears the burden of the remainder of the loss. It would seem that where the loss is partial, under the same circumstances, the reasonable construction would be that the two co-insurers should share the loss in the same proportion."

In the case at bar there was but a partial loss to the machinery and fixtures, and likewise to the stock. In the *Buse* case the court considered the cases of *Farmers' Feed Co.* v. *Scottish Union Ins. Co.* (173 N. Y. 241) and also *Ogden* v. *East River Ins. Co.* (50 id. 388), and rejected the apparent rule as laid down in the latter case, and held it inapplicable to the facts in the *Buse* case, which are very similar to the case at bar.

Again the court in the *Buse* case (at p. 241) said: " There is a well-recognized principle of insurance as determined by the courts, that the insured should be given the greatest protection possibly consistent with the provisions of the policy. In discussing the question of the confusion in the law regarding apportionment, in Richards on Insurance, at page 438, it is said: ' One principle, however, the courts seem to hold in common, to wit, that, unless the

MATTER OF TROWBRIDGE. **317**

Misc. 317]    Surrogate's Court, New York County, December, 1924.

express phraseology of the policies prohibits, the contribution clause ought not to be so applied as to diminish the protection of the insured; since usually the insurer fixes the amount of his premium regardless of other insurance and if, after the fire, he happens to find other insurance which relieves him in part from his liability, it is a piece of pure good fortune. His principal engagement is to pay the loss in full up to the face of his policy, and the insured has given no promise to take out or to keep up other insurance.' ''

In the case at bar the amount of specific insurance of the defendant on machinery and fixtures amounts to the sum of $5,000. In order to give the defendant, which has received the full premium for a liability of $5,000, the benefit of its good fortune in finding other insurance, I deem it the equitable and fair principle, and as deduced from the *Buse* case, to hold that $500 of the blanket insurance is applicable to the loss on machinery and fixtures.

In other words, I think that the liability of this defendant is the proportion which the policy of the defendant, amounting to the sum of $5,000, bears to $5,500 of insurance applicable by reason of other insurance as indicated above; that is, $\frac{5000}{5500}$, or $\frac{10}{11}$, of the loss. Ten-elevenths of the loss of $877.10 on machinery and fixtures amounts to the sum of $797.36. As indicated above the defendant is entitled to a credit of the sum of $139.28, leaving the sum of $658.08.

I accordingly find that the plaintiff is entitled to recover from the defendant the sum of $658.08. Let judgment be entered accordingly.