MORRIS GORDON and Others, Copartners, Doing Business under the Firm Name and Style of GORDON, LEVINSOHN & BASKIN, Plaintiffs, *v.* THE FRANKLIN FIRE INSURANCE COMPANY OF PHILADELPHIA and Others, Defendants.

First Department, June 27, 1941.

*Martin J. Kelly, Jr.*, for the plaintiffs.

*John L. Fletcher*, for the defendants.

CALLAHAN, J. Plaintiffs were the owners of materials from which 748 pairs of pants were to be manufactured. These materials were sent to a firm of contractors known as Waldman & Kellner to be made into finished garments. While in the contractors' premises, they were damaged by fire. The damage amounted to the sum of $500. Waldman & Kellner had not agreed with plaintiffs to become liable for any property of plaintiffs in their possession in case of loss thereof or damage thereto by fire, and the fire loss was not due to any negligence on the part of Waldman & Kellner.

The defendants issued to Waldman & Kellner policies of fire insurance substantially identical in form, which were in full force and effect when the fire loss occurred. These policies would be sufficient in amount to cover any loss sustained by the plaintiffs. They contained the following provision as to coverage, among others: " On stock of every description * * * and on merchandise * * * the property of the assured, or held in trust or on commission, or on consignment * * *." Each policy also provided: " It is understood and agreed that this policy does not cover property which is otherwise specifically insured."

At the time of the fire the plaintiffs had insurance against fire loss under a policy issued to them by Federal Insurance Company, which was known as a transportation policy. This policy contained a rider known as a garment manufacturer's floater, which gave coverage for the merchandise of plaintiffs while in possession of contractors. The merchandise of the plaintiffs was of the type insured by the Federal Company, and the loss occurred by reason of a type of risk covered by said policy. However, the policy issued by the Federal Insurance Company contained the following clauses: " Warranted * * * that any insurance granted herein shall not cover where any carrier or other bailee has insurance (whether prior or subsequent in date to this policy) which would attach if this policy had not been issued; * * * and that any insurance granted herein shall not cover where there is any other insurance (whether prior or subsequent in date to this policy) which would attach if this policy had not been issued."

The rider attached to the policy provided: " It is understood and agreed that this insurance shall be considered as excess insurance where any other insurance exists in the name of the assured or others on any property hereby insured, and this insurance shall not apply or contribute to the payment of any loss until the amount due from all such other insurance shall have been exhausted; * * *."

Undoubtedly, if the policy of Federal did not " otherwise specifically insure " plaintiffs' goods, they would have the right to recover from defendants under the rule laid down in *Exton & Co.* v. *Home Fire & Marine Ins. Co.* (249 N. Y. 258). A provision concerning goods " held in trust " includes an ordinary bailment. (*Utica Canning Co.* v. *Home Insurance Co.*, 132 App. Div. 420, 425.) Such a clause is for the benefit of and may be enforced by a bailor. (*Exton & Co.* v. *Home Fire & Marine Ins. Co., supra.*)

We must determine then whether the policy issued by Federal is to be deemed other specific insurance within the meaning of defendants' policies. It is to be noted that the exception in defendants' policies as to other specific insurance relates to all property of Waldman & Kellner, as well as property held in trust by them. The term " specifically insured," as so used, would seem to mean insurance which particularly describes items of merchandise insured or specifies a particular place where the merchandise is located, and limits the insurance to such items or locality. (See *Fairchild* v. *Liverpool & London Fire and Life Ins. Co.*, 51 N. Y. 65; Couch, Cyclopedia of Insurance Law, §§ 67, 1850.)

In the *Fairchild* case (*supra*) the policy which was the subject of construction was a floater policy. Other policies, held in that case to be specific insurance, were policies which mentioned the particular location of the goods. (See, also, *Klotz Tailoring Co.* v. *Eastern Fire Insurance Co.*, 116 App. Div. 723.) Here the Federal policy did not specify any particular items of merchandise, nor did it state any particular place where the merchandise was to be located. It covered all the merchandise of plaintiffs in the process of manufacture, in transit, and when located at any contractor's place of business.

Defendants' policies, on the other hand, did specify the address of Waldman & Kellner as the only place where the insurance thereunder would attach.

We think that under the circumstances plaintiffs' goods were not " otherwise specifically insured " under the policy issued by Federal, even though plaintiffs were the named insured in that policy. (*Wilson Co.* v. *Hartford Fire Ins. Co.*, 300 Mo. 1, 50; 254 S. W. 266.)

There being no other specific insurance, it follows that the defendants' liability to plaintiffs arose. Under the circumstances, we must construe the Federal policy to provide only excess insurance as to goods in the possession of contractors who had insured themselves as bailees. There is no need to call on such excess insurance, for under the stipulation of the parties defendants' policies fully covered plaintiffs. This construction permits us to reconcile what might otherwise be conflicting provisions in different policies, which, if enforced literally, might result in canceling all insurance.

Here it is plain that plaintiffs' bailee had insurance which attached, and, therefore, the exception contained in the Federal policy applied.

Our decision in *Wexler* v. *National Ben Franklin Insurance Company* (252 App. Div. 736) is not controlling here. While the situation of the parties was the same and some of the provisions of the policies involved in that case were similar to those found in the present case, other provisions, particularly those relating to the exceptions in the bailor's policy, were different. In any event the refusal to hold the bailee's insurer in the *Wexler* case (*supra*) was justified, because the bailor had failed to comply with the requirements of the bailee's policy as to proof of loss and opportunity to inspect. Accordingly, there were circumstances which required us to affirm the decision of the Appellate Term (160 Misc. 282) which dismissed the complaint in the *Wexler* case (*supra*), irrespective of our views on the question of the proper construction of the policies involved therein.

Judgment in the sum of $500, with interest from July 5, 1939, and without costs and disbursements, should be directed for the plaintiffs.

MARTIN, P. J., O'MALLEY, GLENNON and COHN, JJ., concur.

Judgment unanimously directed in favor of the plaintiffs in the sum of $500, with interest from July 5, 1939, and without costs and disbursements. Settle order on notice.