Charles J. Garrison, J.
On a motion for summary judgment, all sides seek judgment. This litigation is basically between two insurance companies. The Northern Assurance Company, Limited (hereinafter called “Northern”) is subrogated to the rights of the plaintiff Blinbaum. Northern insured the plaintiff under a policy denominated 1 ‘ Personal Property Floater Policy.” The property covered is “personal property owned, used or worn * * * while in all situations ” (Policy, Paragraph No. 1) and the perils insured are “ all risks of loss of or damage to property covered ” (Paragraph No. 2). The limits of insurance total $10,700, of which $7,500 is on unscheduled personal property and $3,200 on scheduled property. The schedule lists one Alaska seal coat, $1,300, and one black Persian lamb coat, $1,000, which are the articles claimed lost and which give rise to this litigation.
Northern’s policy, under Paragraphs “ 4. Extensions.” “ 5. Limitations.” and “ 6. Exclusions.”, refers to “residence” or “ other residence.” Northern’s policy provides — Paragraph 8. Other Insurance, “If at the time of loss or damage, there is any other valid and collectible insurance which *642 would attach * * * had this policy not been effected, then this insurance shall apply only as excess insurance over all such other insurance and in no event as contributing insurance.”
Thereafter, plaintiff procured a ‘ ‘ Baggage Instjbange Policy ” from the defendant, The Union Marine and General Insurance Company, Limited, of Liverpool, England (hereinafter called “ Union Marine ”), for a 30-day period, and said policy provides, “ This Insurance Covers against all risks of loss of or damage to baggage containers and personal effects carried therein or worn or carried on the person and owned or used by the assured or by any member of the assured’s family accompanying him whilst in transit by water or land or air, or whilst in any hotel or other building during travel anywhere in the world ’ ’. The policy further provides, ‘ ‘ This Ihsttbahce Does Not Cover * * * loss, damage or expense to property specifically or otherwise insured. ’ ’
The question for this court’s decision is a question of law — which policy is the specific and primary policy and which is the floater or general policy.
Defendant Union Marine contends that Northern’s policy is primary and specific insurance because (1) it particularly describes items of merchandise insured; (2) limits insurance to items which are named and valued; and (3) limits coverage, depending upon place where located; and (4) Northern’s policy attached prior to Union’s policy.
Northern contends that Union Marine is primarily liable on the risk involved, being a specific policy designed primarily to cover the baggage of the assured against risks involved during travel.
Counsel for both sides cite and rely on the same New York cases, following: Fairchild v. Liverpool & London Fire & Life Ins. Co. (51 N. Y. 65); Klotz v. Eastern Fire Ins. Co. (116 App. Div. 723); Gordon v. Franklin Fire Ins. Co. (262 App. Div. 328) and Davis Yarn Co. v. Brooklyn Yarn Dye Co. (293 N. Y. 236).
Union Marine contends that this court should apply the rule that insurance is specific where the property or a particular place where the property is located is specified, in accordance with the rule enunciated in the Gordon case (supra, p. 330), as follows: “ The term ‘ specifically insured,’ as so used, would seem to mean insurance which particularly describes items of merchandise insured or specifies a particular place where the merchandise is located, and limits the insurance to such items or locality.”
*643 The question of what is specific insurance is confusing and has occasioned differences of opinion.
In the Davis Yarn case (supra, p. 253), the Court of Appeals stated: “ The question of what is ‘ specific insurance ’ is one upon which there has been much difference of opinion among the courts. Insurance may be specific because it insures against a specific peril. It may insure in a specific amount as distinguished from monthly reporting insurance. * * # It may insure property at a specific location as distinguished from property insured wherever it may be.” (Italics supplied.)
Union Marine clearly insured the plaintiff herein against a specific peril.
In the Fairchild, Klotz, and Gordon cases, fire losses were involved and fire policies were held to respond as the specific insurances.
Of the Fairchild case, Judge Conway, for the court in the Davis case (supra, p. 250), wrote: “ The Fairchild case was decided before we had a New York standard form of fire policy and while the policies issued to plaintiffs in that case are not contained in the record they were forty-six in number and were policies upon merchandise and in one instance furniture in the store at 146 Duane Street, New York City. A list of the insuring companies will be found in the record and the plaintiffs’ policies were evidently straight fire insurance policies upon the contents of a specified and described building.” (Italics supplied.)
In the Klotz case, the defendant was sued upon a New York standard form of fire insurance policy covering merchandise of the plaintiff at certain premises in Columbus, Ohio. The court held, in that case, that the standard fire policy was the specific insurance.
In the Gordon case, the suit was upon a standard New York form of fire insurance policy issued by the defendant, and the court held that policy to be specific and the defendant had to respond.
In the Davis case, the loss was water damage as a result of windstorm. The Court of Appeals held all insuring companies, including the defendant Commercial, must contribute to the loss and that none were specific insurances. The court, in the Davis case (supra, p. 252), stated: “ There are no specific insurance policies here, within the meaning of the Fairchild case, but only floater policies. The policies are all of the same class. Each of them could have had an address of a building or premises in it. At least one policy of an impleaded defendant did, e.g., Sentinel Fire Insurance Co. The policy of the *644 Commercial had an address in it when it was insuring the bailee, Brooklyn, and also when it was insuring the bailor, National Spinning Company. All of the floater policies could have had addresses without affecting their floater status. The better rule it seems to us, would be to have all the companies writing floater policies which are all attempted excess policies without a primary one, covering a peril which occurs, compelled to contribute.”
It cannot be questioned that a very material risk involved in fire insurance policies is the site or location where the property is contained. That the courts in the adjudicated cases involving fire insurance losses and fire insurance policies should have declared insurance to be specific where a location is declared, is proper and sound in fire insurance cases, and the rule in the Gordon case is clearly applicable to fire losses under fire policies. I am not extending the rule enunciated in fire losses under specific fire insurance policies to the policies in the instant case, and I am following the Court of Appeals which has declared that insurance may be specific because the insurance is against a specific peril. Union Marine insured against just such a peril in travel and, as a matter of law, should be held to respond and to be determined to be the specific insurance.
Union Marine contends for the application of the rule enunciated in the following Federal cases: Automobile Ins. Co. v. Springfield Dyeing Co. (109 F. 2d 533) and Gutner v. Switzerland Gen. Ins. Co. of Zurich (32 F. 2d 700), and that the priority of insurance constitutes specific insurance. That it may be a factor but not conclusive, would appear from the statement of the court in the Springfield case (supra, p. 537): “And, time of policy issuance is not unimportant in determining the liability of respective insurance insurers.” Northern’s loan was not an admission of primary liability. (See Automobile Ins. Co. v. Springfield Dyeing Co., supra, p. 537.)
For the reasons stated, the question of law is resolved against Union Marine and in favor of Northern. There are no questions of fact necessitating a trial, except the question of value which, under rule 113 of the Rules of Civil Practice, may be determined upon an assessment of damages.
Upon the pleadings, the following disposition and order will be entered:
That summary judgment is granted in favor of plaintiff Blinbaum against Union Marine, and an assessment of damages is ordered before this court in Central Jury, Part I, on November 15, 1955. Summary judgment will be granted in favor of *645 defendant Cunard against the plaintiff on the cross motion; and summary judgment will be granted on the cross complaint of the Union Marine against Northern in favor of Northern.
(Supplemental Decision, December 9, 1955.)
Motion by defendant Union Marine for an order modifying-original order dated November 7, 1955, and deciding that Union Marine and Northern are double insurers and should share equally the amount of the loss, denied.