■ MERCANTILE CREDIT CORPORATION, Appellant, v. WILBUR DOWNEY et al., Defendants, and GLENS FALLS INSURANCE COMPANY, Respondent. FARMERS MUTUAL INSURANCE COMPANY OF ORLEANS AND NIAGARA COUNTIES, Plaintiff, v. GLENS FALLS INSURANCE COMPANY, Defendant.— Order unanimously reversed, with costs, and matter remitted to the trial court for further proceedings in accordance with the memorandum. Memorandum: Glens Falls Insurance Company (hereinafter Glens Falls) has been granted summary judgment against Mercantile Credit Corporation (hereinafter Mercantile) which gives rise to this appeal. Wilbur and Mae Downey were owners of certain farm equipment and livestock. Mercantile advanced moneys from time to time to the Downeys and held as security a chattel mortgage on the equipment and livestock. Mercantile purchased from Glens Falls a policy of insurance covering the fluctuating balance due from the Downeys. Included in the chattel mortgage and covered by the Glens Falls policy were 10 cows destroyed as a result of fire. Without the knowledge of Mercantile or Glens Falls, the Downeys procured insurance covering their interest as owners, from another company. This policy in no way protected Mercantile. Following the loss the Downeys were paid by that company. This payment included reimbursement for the destroyed cattle. Glens Falls contends and Special Term has found that there is no responsibility to Mercantile because the policy contains an excess payment provision. In other words, it has been held that Glens Falls' obligation under its policy with Mercantile does not come into being until the avails of the Downey policy are exhausted, which this loss did not do. Special Term relied upon *Fairchild* v. *Liverpool & London Fire & Life Ins. Co.* (51 N. Y. 65) and *Davis Yarn Co.* v. *Brooklyn Yarn Dye Co.* (293 N. Y. 236) in support of its conclusion. This reliance was misplaced and the granting of summary judgment in favor of Glens Falls was error. In *Fairchild* the plaintiff had acquired two policies covering the same interest (ownership) in the same property. One policy of the floater type covered the property when in transit or away from a specific site. The other covered the property against the same risk when the property was at a specific place. The loss occurred at the specific place. The court held by reason of this and the terms of the floater policy, which included an excess coverage clause, the specific policy must be exhausted before the coverage of the floater policy could be reached. In *Davis Yarn* all the policies were of the floater type and covered the same interest in the same property against the same risk. The policies had excess coverage clauses. The quarrel was among several insurance companies and the court concluded that all the companies should share the losses incurred proportionately even though one policy was purchased by the

bailor and all the others by the bailees. The case before us is quite different. Here Mercantile bought and Glens Falls sold a policy of insurance covering the interest of Mercantile as mortgagee. The additional insurance obtained by the Downeys unknown to either Mercantile or Glens Falls could be of no possible benefit to Mercantile since it protected them as owners only. Under the facts here the excess coverage clause in the Glens Falls policy cannot defeat the claim of Mercantile because the two policies coverd and protected entirely different interests (*Eddy* v. *London Assur. Corp.*, 143 N. Y. 311; *Smith* v. *Northern Ins. Co. of N. Y.*, 232 App. Div. 354; *Syracuse Sav. Bank* v. *Yorkshire Ins. Co.*, 301 N. Y. 403). Summary judgment should therefore be granted to Mercantile. The matter should be remitted for an immediate hearing to determine and assess the amount due under the policy and upon determining this amount the trial court should direct the entry forthwith of the appropriate summary judgment in favor of Mercantile. (Appeal from order of Monroe Special Term denying motion of plaintiff for summary judgment against defendant Glens Falls Insurance Company on fourth cause of action and dismissing complaint.) Present — Williams, P. J., Goldman, Henry, Noonan and Del Vecchio, JJ.