OVERTON, BEN F., Associate Judge.
This is an appeal from a declaratory decree finding that damage to an aircraft was covered by one policy of insurance issued by the appellant-defendant, American Fire & Casualty Company of Orlando, Florida, to the appellees-plaintiffs below, Marathon Aviation Marathon, Inc., Marathon Aviation Kissimmee, Inc., and National Airports, Inc. The appellees are designated singularly as appellee, Marathon, throughout this opinion.
The appellee, Marathon, owned and rented aircraft and in addition also hired out its pilots to fly planes of other persons and corporations as a charter and ferry service. In carrying out the latter function the ap-pellee, Marathon, agreed with Rutenberg Construction Co., Inc., to fly one of Ruten-berg’s aircraft from Marathon, Florida, to St. Petersburg, Florida. While under the control of the pilot of the appellee, Marathon, the plane’s landing gear- was retracted when the plane was still on the ground at St. Petersburg, and as a consequence the plane was damaged. Rutenberg had an insurance policy covering the aircraft, and its *783 insurance carrier brought a subrogation action against the appellee, Marathon, seeking recovery for damage to the aircraft.
The appellee, Marathon, was the insured under a policy issued by the appellant, American Casualty Company, which policy the appellee contends covers the loss. Appellant, American Casualty Company, denied coverage and the appellee instituted this action as the plaintiff below against the appellant, American Casualty, as the defendant below, seeking a declaratory decree as to liability under said policy. The appellant, American Casualty, in denying coverage, contended this loss was excluded by the following provisions of the policy issued by said appellant:
“AIRCRAFT NOT COVERED — The insurance provided under this policy shall not apply with respect to any aircraft having a certificated passenger seating capacity in excess of five (5) passenger seats nor shall any hull coverage apply in respect to any aircraft the insured value of which is less than $1,000.00 or in excess of $50,000.00 or any aircraft specifically insured under a separate policy.” [Emphasis supplied]
The question before this court is whether the term “specifically insured under a separate policy” includes a policy obtained by the third party, Rutenberg, covering the same aircraft
Generally, exclusions for double, additional and other insurance are applicable when two or more insurance policies are on the same subject matter, risk and interest. 18 Fla.Jur. 178, § 225; 29 Am. Jur. 153, Ins. § 961; 5 Couch on Insurance 3634, § 1039; 5 Couch on Insurance 3665, § 1053; 5 Appleman on Insurance 176, § 3057; 9 Couch on Insurance 2nd 14, § 37 :- 1292. The reason for said exclusionary clauses is to avoid double collection, and thereby discourage fraud.
It is agreed by both parties herein that Rutenberg’s insurance policy did not cover the same risks or interests of the appellee, Marathon, and therefore does not constitute "other insurance” as said term is defined.
The appellant contends that the term “specifically insured under a separate policy” is not synonymous with the term “other insurance.” With this general statement we agree. The appellant further contends that the Rutenberg aircraft was specifically insured by a separate policy obtained by Rutenberg and the aircraft damage was, therefore, excluded by the policy issued to the appellee, Marathon; citing Hitz v. Allied American Mutual Insurance Co., 2 Conn.Cir. 112, 195 A.2d 446 (1963); Gordon v. Franklin Fire Ins. Co., 262 App.Div. 328, 28 N.Y.S.2d 480 (1941); Davis Yarn Co. v. Brooklyn Yarn Dye Co., Inc., 265 App.Div. 180, 38 N.Y.S.2d 351 (1942). In all the cited cases the insureds were covered either in their own right or under third party policies as bailors, and consequently their interests and risks were fully protected. This is not so in the case now before this court.
The effect of the interpretation sought by the appellant would result in the appel-lee, Marathon, having no insurance coverage in this instance, and therefore having to pay Rutenberg’s insurance carrier for damages only because Rutenberg had its own insurance on the plane. On the other hand, had Rutenberg had no insurance on the aircraft it is uncontroverted that the policy issued by the appellant would have covered’ the loss and the appellee, Marathon, would not be subject to an action for damages.
The interpretation of the appellant of the subject provision of the policy is not logical or reasonable. Clauses which exclude coverage because of other policies are strictly construed against the insurer. It is our opinion that the term “specifically insured under a separate policy” as used in the subject insurance policy issued by the appellant, American Casualty Company, does not include a third party *784 separate policy which does not cover the interest, risk or loss of the appellee, Marathon.
Affirmed.
ALLEN, C. J., and HOBSON, J., concur.