■ STACEY L.A. FURS, INC., Doing Business as MAURICE FUR DESIGNER, et al., Respondents, v MORTON LICHTENSTEIN, Also Known as MORTON LICHTENS, et al., Respondents, and AXA MARINE & AVIATION INSURANCE (UK) LIMITED, Formerly Known as LONDON & HALL MARITIME INSURANCE COMPANY LIMITED, Appellant. [655 NYS2d 90] —In an action to recover damages, *inter alia,* for negligence, the defendant AXA Marine & Aviation Insurance (UK) Limited appeals from an order of

the Supreme Court, Nassau County (DiNoto, J.), dated February 3, 1995, which denied its motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it.

Ordered that the order is reversed, on the law, with costs, the motion is granted, and the complaint and cross claims are dismissed insofar as asserted against AXA Marine & Aviation Insurance (UK) Limited.

The plaintiff furriers provided fur coats to Mitchell Alan Furs (hereinafter MAF) on consignment. They were allegedly advised by MAF's principal, Morton Lichtenstein, that the furs would be insured. AXA Marine & Aviation Insurance (UK) Limited (hereinafter AXA), along with other insurance companies as underwriters (hereinafter the Underwriters), subscribed a policy to MAF identifying MAF as the "Assured". AXA is a foreign insurer not authorized to do business in New York. The policy provided coverage for "[f]urs and/or Skins and/or Garments and/or similar interest, the property of the Assured and/or for which they are responsible including customers goods".

On December 18, 1991, MAF reported to the police that a number of furs had been stolen from its place of business during an armed robbery. MAF reported the theft to its local broker, and the local broker gave notice to the London broker, which provided notice to the Underwriters, including AXA.

AXA, acting for all of the Underwriters, retained a firm of adjusters to investigate the loss. MAF submitted a claim which included goods owned by MAF as well as consignment merchandise owned by others. After the underlying circumstances of the loss were investigated the Underwriters, including AXA, offered, and MAF accepted, $188,000 in full payment for all the property lost in the theft. MAF's principal submitted a sworn Proof of Loss which indicated that MAF was entitled to receive the entire insurance proceeds. In March and May 1992 four checks were issued to or on behalf of MAF totalling $188,000.

The plaintiffs thereafter commenced the instant action against AXA, MAF and its principal, and Teleworld Enterprises, Ltd., as MAF's successor. They alleged, *inter alia,* that MAF converted the insurance proceeds to its own use and, despite demands on MAF by the plaintiffs, they never received any of the insurance proceeds. AXA was alleged to be liable for having negligently investigated MAF's financial status and in breaching its obligations to the plaintiffs under the policy. The plaintiffs sought both compensatory and punitive damages.

Teleworld cross-claimed against AXA, contending that if the complaint were true, its liability would have been caused in whole or in part by AXA's negligence. Therefore, it was entitled to have its liability reduced by an amount proportionate to the liability of AXA.

AXA moved for summary judgment dismissing the complaint and cross claims, contending that the plaintiffs were not beneficiaries of the policy and could not commence the action by service on the Superintendent of Insurance, that AXA discharged its duties by paying the proceeds to its insured, and the plaintiffs were not entitled to punitive damages. The motion was denied. We reverse.

We agree with the plaintiffs that they were beneficiaries of the policy in dispute (see, Klein v Sura Jewelry Mfg. Corp., 53 AD2d 854, 855; Gordon v Franklin Fire Ins. Co., 262 App Div 328; American Fabrics Co. v Benedict, 166 Misc 449, affd 255 App Div 957). Thus, they were entitled to commence the action against AXA, a foreign insurer not authorized to do business in New York, by serving the Superintendent of Insurance (see, Insurance Law § 1213 [a]).

Under the policy in issue, MAF, as the insured, had the right to maintain an action on the policy in its own name, recover the full amount of the loss, pay to itself the extent of its interest, and hold the balance in trust for the various individual owners of the goods in its possession (see, Stilwell v Staples, 19 NY 401; Mord v New York Indem. Co., 216 App Div 252, affd 244 NY 589; American Fabrics Co. v Benedict, supra).

Where, as here, AXA settled the claim and made payment to MAF, its insured, AXA is deemed to have discharged its obligation under the policy, and is not subject to a suit by the plaintiffs, the third-party owners of the goods (see, Wilson & Co. v Hartford Fire Ins. Co., 190 App Div 506, affd 229 NY 612; American Fabrics Co. v Benedict, supra; 4 Couch, Insurance § 61:9, at 61-16 [3d ed]).

In the absence of a demand on AXA by the plaintiffs that the portion of the proceeds which was attributable to their property be paid directly to them (see, American Fabrics Co. v Benedict, supra), or other "written or oral notification that someone else is making a claim to the proceeds" (4 Couch, Insurance § 61:9, at 61-17; § 61:11 [3d ed]), AXA is not liable to the plaintiffs. That AXA was aware that some of the stolen furs belonged to the plaintiffs did not alter its duty to pay the entire proceeds to its insured (see, American Fabrics Co. v Benedict, supra). While there is evidence that MAF was suffering financial problems, and that it might utilize the insurance

proceeds for a purpose other than satisfying its obligations to the plaintiffs, we are not persuaded, in the absence of a demand on AXA by the plaintiffs that the proceeds be distributed directly to them, that AXA is liable to the plaintiffs for the insured's conversion of the proceeds. Thompson, J. P., Pizzuto, Joy and Luciano, JJ., concur.